Wilson, Appellant, *v*. L. M. Berry & Company.

Argued April 21, 1942.

Before Keller, P. J., Cunningham, Baldrige, Rhodes, Hirt and Kenworthey, JJ.

J. *Campbell Brandon,* with him *W. D. Brandon* and *Hugh S. Millar,* for appellant.

*John R. Bredin,* with him *Dalzell, McFall & Pringle* and *Galbreath & Braham,* for appellee.

OPINION BY RHODES, J., July 23, 1942:

The controversy in this workmen's compensation case arises over the application of the law to the facts. The facts were found by the referee, and then affirmed by the Workmen's Compensation Board. On the basis of those facts the referee and the board concluded that deceased, a salesman or sales manager, was in the course of his employment at the time of the accident which resulted in his death. The court below reversed the award, and claimant has appealed.

Whether, on the state of facts found, deceased sustained the accidental injury which resulted in his death in the course of his employment is a question of law. *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, 467, 186 A. 415, affirmed 327 Pa. 579, 586, 195 A. 40; *Healey v. Hudson Coal Co.,* 130 Pa. Superior Ct. 462, 464, 198 A. 684.

Another applicable principle is that where compensation is allowed for accidental injuries, occurring off the premises, generally the facts must warrant the conclusion that the employe sustained his injuries while actually engaged in the performance of some as yet incompleted business of his employer. *Palko v. Taylor-McCoy Coal & Coke Co. et al.,* 289 Pa. 401, 404, 137 A. 625; *Baumann v. Howard J. Ehmke Co. et al.,* 126 Pa. Superior Ct. 108, 111, 190 A. 343.

Deceased was a resident of Rochester, N. Y., and at the time of his death was employed by defendant as crew manager in charge of traveling salesmen promoting the sale of advertising in telephone directories. His duties required him to travel from place to place with the salesmen, to direct them in their work, and to report to the home office from time to time the results of their efforts. On October 20, 1935, deceased, with two salesmen, arrived at Butler, Pa. They obtained a lodging place, and canvassed the city during the week of October 20th. They proposed to continue as long as might be necessary for their purpose. It was frequently necessary for deceased to work late at night and during week-ends in the preparation of reports, etc. His hours of employment were not limited to any definite number.

The other material facts are given in the following findings:

"Twelfth: While working in Butler, Pennsylvania, decedent and two members of his crew, the said Arthur Morris and Norman T. Garvey, referred to above, stayed at a rooming house operated by one Mrs. L. M. White, which was located at 215 New Castle Street, Butler, Pennsylvania. Said Arthur Morris occupied one bedroom on the second floor of said rooming house, and the said Norman T. Garvey occupied another bedroom on the same floor. Decedent, however, occupied a room on the ground floor of said rooming house. ......

"Fourteenth: That the decedent and Norman Garvey went out of the rooming house between six and seven on Saturday night, October 26, 1935, and did not return until about four o'clock Sunday morning, October 27, 1935, and their whereabouts or what they were doing during this period of time is not known.

"Fifteenth: That at about four o'clock Sunday morning, October 27, 1935, decedent left his room, shortly after coming in, and dressed in his street clothes, except his coat which had been taken off, went to the

bathroom located on the second floor. After visiting the bathroom, he attempted to go into Norman Garvey's room, made considerable noise, and then went to Arthur Morris' room, and after some conversation, returned to his room on the first floor accompanied by Arthur Morris, and soon after Arthur Morris returned to the second floor the decedent started up the stairs and fell on the landing of the stairs and thrust his right arm through a pane of glass located in a window at the landing.

"Sixteenth : The brachial artery in his right arm was severed, from which decedent bled to death ......

"Eighteenth : There was no evidence at the time of the accident or immediately thereafter that the decedent had been doing any work on reports or his work in his room.

"Nineteenth : The room was normal and not upset, except for the fact that a couple of throw rugs had been shoved out of place by the decedent's feet, and a dresser scarf had been pulled off; and the bed had been undisturbed as if it had not been slept in."

The facts as found in this case by the compensation authorities permit of no other legal conclusion than that deceased at the time of his fatal accident was not within the course of his employment. It is similar in principle to *Paulin v. Williams & Co., Inc., et al.,* supra, and *Knowles v. Parker Wylie Carpet Co., Inc., et al.,* 129 Pa. Superior Ct. 257, 195 A. 445, and is distinguishable from *Baumann v. Howard J. Ehmke Co. et al.,* supra. In the latter case claimant was not doing something entirely disconnected with or foreign to his duties, but he was acting in accordance with instructions from his employer and with its approval, and the arrangement was not merely for his own convenience. See discussion of Baumann case in *Knowles v. Parker Wylie Carpet Co., Inc., et al.,* supra, p. 260,

and *Titus v. S. E. Sostmann & Co. et al.,* 133 Pa. Superior Ct. 201, 209, 2 A. 2d 580.

In the case before us the facts do not establish that at the time of his injury claimant was engaged in an act that had any connection with the business of his employer, and from them it cannot be inferred that he was then actually engaged in the furtherance of his employer's interests. Because he was a traveling salesman deceased did not have a special status, and this type of employment did not permit unlimited latitude in his conduct. His activity to sustain an award must have been at least by implication within the course of his employment. As disclosed by the findings of fact, and especially the fifteenth finding of fact, his injury was the result of doing something entirely foreign to any concept of his employment; and where he had been from six o'clock on Saturday night until four o'clock on Sunday morning is not known.

In the twenty-fifth finding of fact there is this observation: "...... it would be necessary to attend to his needs in the bathroom of this lodging place and associate and confer with fellow crew members to put in the time until he could begin working on Monday morning." If this could be construed as a finding of fact, there is no testimony to support a statement that deceased was engaged in either act at the time of the accident. The testimony of the witnesses is to the contrary.[1]

---

[1] The witness who heard the entire occurrence testified:

"Q. Just continue and tell us what you heard and saw? A. Immediately after that he started to pull pictures off the wall and he went out into the hall again and started downstairs and went back up again and paced and then Mr. Morris, by that time had his robe on and coaxed him to come downstairs to his room and he got him downstairs. He came down with him. Then Mr. Morris had not gotten back to his room again until Mr. Wilson was going up the, stairs and fell on the landing and I heard the glass crash."

Counsel for claimant argues that there is a presumption that deceased was acting in the course of his employment at the time of his fatal accident. Where an employee has started out on the business of his employer and is later fatally injured, a presumption may be raised that he was engaged in the furtherance of his employer's business at the time of the accident. *Paulin v. Williams & Co., Inc., et al.*, supra, p. 468; *Hunter v. American Oil Co. et al.*, 136 Pa. Superior Ct. 563, 568, 7 A. 2d 479. But this rule and the cases cited [2] give no support to claimant's argument. From the findings of fact and the evidence in the present case no such presumption could arise.

In view of our conclusion it is not necessary to pass upon the question of jurisdiction.

The judgment of the court below is affirmed, and the record is remitted with direction that judgment be entered for defendant.

[2] *Kolasa v. Stubnickie et al.*, 110 Pa. Superior Ct. 152, 167 A. 246; *Paulin v. Williams & Co., Inc., et al.*, 122 Pa. Superior Ct. 462, 186 A. 415, affirmed 327 Pa. 579, 195 A. 40; *Tappato et al. v. Teplick & Eisenberg Co. et al.*, 133 Pa. Superior Ct. 231, 2 A. 2d 545; *Hunter v. American Oil Co. et al.*, 136 Pa. Superior Ct. 563, 7 A. 2d 479.