Yowkoski, Appellant, *v.* Hudson Coal Company.

Argued March 4, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Roger J. Dever,* for appellant.

*Francis D. Mahon,* with him *R. S. Houck,* for appellee.

OPINION BY RHODES, J., July 19, 1946:

Claimant filed a petition for compensation for injuries he received as the result of an explosion in defendant's mine. Defendant in its answer averred that the accident in which claimant was injured was caused by his violation of rule 10, Art. XII, of the Pennsylvania Anthracite Mine Law of June 2, 1891, P. L. 176, as amended, 52 PS § 359.[1] The referee found that claimant's accidental injury was a result of such violation and dis-

---

[1] "No one, except a duly authorized person, shall have in his possession a key or any other contrivance for the purpose of unlocking any safety lamp in any mine where locked safety lamps or electric lamps are used. It shall be unlawful for any person or persons, working in a mine or portion of a mine, which is worked by locked safety lamps or locked safety lamps and electric lamps, to carry into the mine matches, smokers' articles, or any other material or article which may cause fire. . . ."

allowed compensation. The Workmen's Compensation Board affirmed the order of disallowance. The court of common pleas affirmed the board and dismissed the appeal of claimant. Claimant now appeals to this court.

The question on this appeal is whether there is sufficient competent evidence to establish that the explosion causing claimant's injuries was the result of his violation of rule 10, Art. XII, of the Act of June 2, 1891, P. L. 176, as amended, 52 PS § 359. The evidence is largely circumstantial, but we think it is sufficient to support the findings of the board and the order of disallowance. We have frequently said that the compensation authorities, whose duty it is to find the facts, can find them either from direct proof, circumstantial evidence, or by inference from other facts. *Schrock v. Stonycreek Coal Co. et al.,* 152 Pa. Superior Ct. 599, 602, 33 A. 2d 522, 523. Findings may be reasonable inferences from the facts and conditions directly proved. *Hornick et al. v. Bethlehem Mines Corporation,* 307 Pa. 264, 270, 161 A. 75; *Paulin v. Williams & Co., Inc., et al.,* 122 Pa. Superior Ct. 462, 466, 467, 186 A. 415, affirmed 327 Pa. 579, 195 A. 40.

The referee made the following findings of fact:

"4. On May , 1943, the claimant and his miner had fired eight holes. After an interval of time the claimant's miner directed him to go to the face of the chamber and shovel coal down to a scoop. After the claimant had shoveled considerable coal he laid down his shovel, took off his gloves and laid them on the shovel. He then struck a match to light a cigarette and as he did so he ignited a pocket of gas, which burned him about the face, arms and back.

"5. After the explosion a book of matches was found in the chamber at about approximately where the claimant had been working. Two single burnt matches were found on the bottom near the point where the claimant had been working. A cigarette stub was also found in

the claimant's clothing when they were returned from the Hospital."

The board held the referee's findings and conclusions were consonant with the evidence.

The testimony shows that claimant and a Charles Snyder were working as laborers in chamber No. 4, plane No. 27, of defendant's mine on May 12, 1943. They were under the direction of Thomas Yowkoski, a miner, brother of claimant. The chamber was a "closed light" area in which safety lamps were used, and claimant was using this type of lamp. Chamber No. 4 had been driven approximately 55 feet from the gangway to the face. On the morning of the accident eight holes were drilled and fired. The miner inspected the chamber and directed claimant to enter and remove the coal from the face. The latter entered the chamber alone and cleared part of the coal from the face. About fifteen minutes after he had entered the chamber an explosion occurred with resulting injuries.

Claimant's theory seems to be that the explosion was caused by ignition of a pocket of gas by a spark from his pick while he was trying to make a hole in the roof of the chamber for insertion of a jack. He testified that he picked the roof once to make a hole, but as the hole was not big enough he took off his gloves, put them down and picked again. He stated that when he "slammed it" the second time "it went off" and "that is when I got burned." He testified further: "That is all I know. I don't know anything else."

Claimant denied having lighted any matches or having smoked a cigarette. Since he was alone in the chamber at the time of the explosion no one else could have direct knowledge of this matter. He testified that he knew it was against the law and contrary to posted notices to carry any smoking materials into the mine, that he had not carried any such items with him, and that he had not received any from anyone else. Testimony by Thomas Yowkoski, plaintiff's brother, Charles

Snyder, his co-laborer, and Harry Reese, the section foreman, indicated that these three individuals and claimant were the only persons who had entered the chamber prior to the explosion. In uncontradicted testimony claimant's brother asserted no matches had been used, and that there had been no smoking in the chamber prior to the explosion in which claimant was injured. Upon inspection of the chamber after the explosion two burned matches and a packet of four unused matches were found on the chamber floor. One match was within five feet of the face of the chamber where claimant was working and on top of the coal which he had shoveled away from the face. The other burned match was about twelve feet from the face, and the unused book of matches was about eight feet from the face.

These matches were found after the accident on inspection of the chamber by the section foreman, Harry Reese, the mine foreman, Benjamin Jones, and the fire boss, Anthony Zehosky. Two other employees, one of whom testified, also examined the chamber. All testified to the presence of the matches in the chamber at the time of the inspection. This inspection was made about two hours after the explosion. It is not probable that any other mine worker, acquainted as he would be with possible dangers in the chamber, would have entered prior to the inspection. The probability of such entry is further lessened by the fact that the miner, claimant's brother, constructed a wooden barricade across the entrance to the chamber before he left the scene of the explosion.

Claimant's clothing was removed from him at the hospital and was returned to the colliery office. Upon examination of it by the mine foreman a half smoked cigarette was found in the pocket of his trousers.

In addition to these facts supporting defendant's contention, there are other facts tending to rebut claimant's theory of the explosion. Claimant said he was trying to make a hole large enough for the jack, but he made

no attempt to fit the jack into the hole to determine how much enlargement thereof would be required. The pick he claimed to be using was found eight to fourteen feet behind where he had been working and was alongside the jack which he had not used. His gloves were "neatly folded" across the handle of his shovel which was lying in the trench from which he had shoveled away part of the coal. Inspection of the roof of the chamber did not show any hole such as claimant testified he was attempting to enlarge. The chamber roof was said to be of slate rather than of a hard substance.

The burden of proof is on an employer to establish that an injury to an employee has been caused by his violation of the law. Act of June 2, 1915, P. L. 736, Art. III, § 301, as last amended by the Act of June 21, 1939, P. L. 520, § 1, subsec. 301 (a), 77 PS § 431. In order to sustain the burden there must be a clear preponderance of the evidence approximating that required in criminal cases. But it is not necessary to prove the violation beyond a reasonable doubt; the strict measure of proof demanded in a criminal case is not required. *Skiba v. Nick Calvitti Coal Co. et al.*, 153 Pa. Superior Ct. 628, 630, 631, 34 A. 2d 921, 922.

The existence of the burned and unused matches in the chamber, and the presence of a partly consumed cigarette in claimant's clothing after the explosion, together with conditions shown to have existed both before and after the explosion, warranted a finding that the explosion in the chamber where claimant was working resulted from his use of matches in violation of rule 10, Art. XII, of the Pennsylvania Anthracite Mine Law of June 2, 1891, P. L. 176, as amended, 52 PS § 359. See *Brown v. Schock*, 77 Pa. 471, 478, 479; *Com. v. Du Boise*, 269 Pa. 169, 174, 112 A. 461. The inferences to be drawn from the evidence were for the compensation authorities. *Paulin v. Williams & Co., Inc., et al.*, supra, 122 Pa. Superior Ct. 462, 467, 186 A. 415, 327 Pa. 579, 195 A. 40.

Accepting the board's findings, as we must, it is clear that claimant violated the law, and is not entitled to recover. Rule 10, Art. XII, of the Pennsylvania Anthracite Mine Law of June 2, 1891, P. L. 176, as amended by Act of April 22, 1929, P. L. 630, § 4, 52 PS § 359, makes it "unlawful for any person or persons, working in a mine or portion of a mine, which is worked by locked safety lamps or locked safety lamps and electric lamps, to carry into the mine matches, smokers' articles, or any other material or article which may cause fire." Rule 58 of Article XII of the Anthracite Mine Law, supra, 52 PS § 298, declares that every person who fails to comply with the rules or provisions of the article shall be guilty of an offense against the act. Section 4, Art. XVII, of the Act, 52 PS § 514, declares all offenses under this Act to be misdemeanors.

An injury caused by an employee's violation of the law is not compensable. But a violation of law barring recovery under section 301 of the Act of June 2, 1915, P. L. 736, as last amended by the Act of June 21, 1939, P. L. 520, § 1, 77 PS §§ 411, 431, in general, means a felony or misdemeanor. *Hopwood v. Pittsburgh,* 152 Pa. Superior Ct. 398, 403, 33 A. 2d 658, 660. Such a violation was found in the present case on sufficient competent evidence, and therefore the order of disallowance is affirmed.