## Walden *v.* Williams Bros. Corporation et al., Appellants.

Argued April 11, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Irwin M. Ringold,* for appellants.

*Sam R. Keller,* for appellee.

OPINION BY RHODES, P. J., July 20, 1950:

Claimant, widow of Joseph J. Walden, deceased, filed a petition for compensation on behalf of herself and minor child for the death of her husband. The petition set forth that deceased died on February 22, 1947, as the result of an explosion which occurred in the course of his employment. The defendant employer and its insurance carrier filed an answer in which it was averred that at the time of his death deceased was not in defendant's employ but was engaged in his own business. The referee allowed compensation, the Workmen's Compensation Board affirmed the awards of the referee, and the County Court of Allegheny County, on ap-

peal by defendant and its insurance carrier, sustained the awards and entered judgment thereon in favor of claimant. Defendant and its insurance carrier have appealed from the judgment.

Deceased was employed as a master mechanic by defendant. Defendant had been engaged in laying pipe at Oakdale, Pennsylvania. The work was completed on February 18, 1947. Deceased was placed in charge of moving the equipment to Waynesburg, Pennsylvania. The equipment consisted of tractors, welding machines, picks, shovels, and other materials used on the job. By February 21, 1947, most of the equipment had been loaded on trucks and transported. There remained certain pieces which were stored about a mile from the hotel where deceased had been living. He had a pick-up truck which was owned by defendant and used by deceased in his work. The truck contained a welding machine, two acetylene tanks, and some gasoline. At 5:30 on the afternoon of February 21st, deceased and another employe of defendant returned to the hotel after loading trucks with some of the remaining equipment. About 11:15 p.m. deceased left the hotel stating that he was going to get a paper from the truck. About 12:15 on the morning of February 22d, he was seen about three miles from the hotel in the pick-up truck which was stuck on the side of the road and headed in the direction of the hotel. Some time later the truck exploded at the spot where it was stalled, and deceased was killed; he was in his working clothes. He was on the road which was customarily used by him in going to the hotel from defendant's equipment. He usually checked the equipment each night before retiring, as he had no night watchman. Although deceased was some distance from the hotel when the explosion took place, there was testimony that it would have been impossible for deceased to have returned by the route which he traveled to inspect the equipment; that it would have been necessary for him

to take the other route to return to the hotel due to the condition of the highway, the hill to the hotel from the location of the equipment being too steep and covered with snow. There were no chains on the truck.

Deceased was on a monthly salary and had charge of all operating equipment. He had been specifically instructed to take charge of the equipment to be moved and have it loaded and transported to Waynesburg. In his regular employment he was subject to call at any time of the day or night, and while in charge of protecting and moving defendant's equipment he had no fixed working hours.

Appellants' contention is that there was no competent and substantial evidence sufficient to support the finding and conclusion of the compensation authorities that deceased met with an accident which caused his immediate death while in the course of his employment with defendant. It is true, as set forth by appellants, that whether, on the state of facts found, deceased was in the course of his employment when fatally injured is a question of law. *Wilson v. L. M. Berry & Co.*, 149 Pa. Superior Ct. 492, 493, 27 A. 2d 721. But on this appeal we must view the evidence in the light most favorable to the claimant, since the findings and the awards are in favor of her claim. *Werner v. Allegheny County*, 153 Pa. Superior Ct. 10, 14, 33 A. 2d 451. It was a permissible inference as made by the Board from the evidence "that when the [deceased] went out on the night of February 21st, 1947 with the pick-up truck he intended to inspect or repair his employer's property placed in his charge; that the truck became disabled and the [deceased] was killed in the explosion which also destroyed the truck." Such inference by the Board was fairly deducible from proved facts. Findings based on proper inferences must be sustained. Assuming that the evidence also permitted an inference that deceased was engaged on a mission of his own, the inference to be adopted was for

the compensation authorities. *Podgur v. Otto Eisenlohr & Bros., Inc.,* 135 Pa. Superior Ct. 469, 471, 5 A. 2d 603.

There was no proof that deceased was engaged in a private enterprise, or that he had abandoned his employment for personal reasons. Cf. *Combs v. Cole Brothers Circus, Inc.,* 165 Pa. Superior Ct. 346, 67 A. 2d 791. But, as said by the Board, deceased "was engaged in preserving or protecting his employer's property when he met his untimely death." It follows that, although the accident in this case occurred off the employer's premises, deceased was actually engaged in furtherance of the business or affairs of his employer, and that he was in the course of his employment at the time of the fatal accident.

Judgment is affirmed.