Copello *v*. New Shawmut Mining Company (et al.,
Appellant).

Submitted April 14, 1955. Before HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,* for appellant.

*George Jerko,* for appellee.

OPINION BY ROSS, J., July 21, 1955:

This is a workmen's compensation case in which the claimant, Joseph Copello, "as the result of an explosion which occurred while rock was being blasted in claimant's working place, . . . sustained the entire loss of his left eye, and impairment of the vision of the right eye, the amount of which was not determined at the time of the hearing".[1] The compensation authorities refused compensation on the ground that "the accident occurred as the result of claimant's violation of the Bituminous Mine Law, due to his failure to electrically ignite fuse which was being used to blast rock in the working place".[2] The court below, after concluding that there was not sufficient competent evidence to sustain the fifth finding of fact—the only one at issue—

---

[1] Second finding of fact.

[2] Fifth finding of fact.

reversed the board and ordered the case remanded for further proceedings. The employer's insurance carrier has appealed from this order.

The sole problem is whether the defendant sustained by competent evidence its burden of showing that the injury resulted from claimant's violation of the Bituminous Mining Law, Act of June 9, 1911, P.L. 756, Art. XVI, sec. 1, as amended July 1, 1937, P. L. 2486, sec. 33, 52 PS sec. 1221, which prohibits the use in any mine of "blasting fuse" for igniting or firing explosives unless the fuse is ignited electrically. If the injuries were so caused by claimant's violation, then, of course, he would be barred from receiving compensation. Sec. 30(a) of the Workmen's Compensation Act, 77 PS sec. 431, provides in part as follows: "No compensation shall be paid when the injury . . . is caused by the employe's violation of law, but the burden of proof of such fact shall be upon the employer." Defendant was required to show this violation by evidence approximating that required in criminal cases (*Bucci v. Lincoln Coal Co., Inc.*, 140 Pa. Superior Ct. 538, 14 A. 2d 359; *Haas v. Brotherhood of Transportation Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776), though not necessarily beyond a reasonable doubt. *Yowkoski v. Hudson Coal Co.*, 159 Pa. Superior Ct. 256, 48 A. 2d 80.

On the day of the injury, August 1, 1946, claimant and several others were working in the defendant's mine. Around 2:45 p.m. claimant and his brother, George Copello, drilled, for the purpose of blasting, two holes in some rock in the back entry. John Mosier, one of the employes, prepared the explosives and blasting fuse which were to be used. He made these preparations about 40 feet away from where claimant was working. When he returned with the prepared explosives, another fellow employe, Nello Gavazzi, remarked

that the fuses which Mosier had attached to the explosives were illegal in that they were to be set off by fire rather than electrically. Mosier, nevertheless, placed these explosives into the drilled holes and tamped them. The other employes except claimant and Mosier meanwhile left the area. Mosier ignited one of the fuses with his cigarette lighter and turned toward claimant, who was a short distance away, handed him the lighter and they both walked up the heading for a distance of about 100 feet. The first explosion occurred a short time thereafter. After waiting several minutes claimant proceeded back to where the explosives were, admittedly for the purpose of firing the second shot. It was then that the second explosion occurred, injuring claimant. The essential disputed fact is whether claimant lit the second fuse, either when Mosier first handed him the cigarette lighter or when he returned after the first explosion.

Claimant testified, inter alia, that he did not light the second fuse at any time but that the second explosion occurred when he was approaching the fuse and when he was about seven or eight feet away from it. He admitted that he was going to light the second fuse with the lighter but never had the chance to.

Mosier was called as a witness by defendant. He testified that he alone prepared the explosives, without help from claimant, and that he had set off the first explosion. He denied that claimant lit the second fuse when first handed the lighter. He stated that he and claimant proceeded up the heading, and that after the first shot claimant went in the direction of the explosion. When claimant was gone but a short time, and *not enough time for him to reach the explosives,* Mosier heard the second explosion.

Defendant, without pleading surprise, went into an extensive cross examination of its own witness, Mosier,

based on alleged oral statements which he had made to State mine inspector Francis Schroyer, who investigated the accident. Mosier allegedly stated to Schroyer that claimant lit the second fuse right after he, Mosier, had lit the first one. Other statements were allegedly made at that time by Mosier which would have contradicted his testimony then being given on the stand, and which, if true, would have indicated that claimant violated the mining law. No objection was made to this cross examination by claimant; hence it is not necessary for us to determine whether it was proper. The evidence that claimant violated the law was this hearsay statement made by Mosier to the mine inspector which was used to impeach his credibility. The referee and the board, however, obviously considered it of probative force upon which to base the findings. This was error. We are aware that hearsay evidence can be the basis of a finding of fact where it is not objected to. *Poluski v. Glen Alden Coal Co.*, 286 Pa. 473, 476, 133 A. 819. That is not the situation here. Here the hearsay statements were used only to impeach defendant's own witness. Since no objection was made, the allowance of the impeachment cannot now be questioned, but it does not follow that this hearsay can also be considered as substantive evidence. ". . . by a long line of cases such purpose is not to make affirmative evidence, but its sole purpose is to impeach the witness. . . ." *Selden v. Metropolitan Life Insurance Co.*, 157 Pa. Superior Ct. 500, 507, 43 A. 2d 571. Defendant did not purport to introduce the statements as affirmative evidence of the violation but merely to convince the fact finder that Mosier was not worthy of belief. If Mosier's testimony is thus disregarded completely, we are left only with claimant's prima facie case of accidental injury, and defendant has failed to meet its burden of proving the violation. We must bear in mind that

the statements were not made by the claimant and thus admissions, but rather by a third person, Mosier. Defendant seeks to have us determine that the referee and board were correct in giving them the probative force of admissions. This we cannot do. We cannot sanction the use of hearsay as probative evidence in the guise of impeaching testimony under these circumstances.

Defendant also was allowed to introduce, by Schroyer and by a witness Watkins, these same or similar hearsay statements allegedly made by Mosier. It is sufficient in disposing of the effect of these witnesses' testimony to state that claimant made timely objection to the statements as they related to his violation of the Act. It was error for the fact finder to overrule these objections and the finding of a violation based upon this hearsay was without competent evidentiary support. As the learned court below points out, this is not like the case of *Nesbit v. Vandervort and Curry,* 128 Pa. Superior Ct. 58, 193 A. 393, in which this Court held that hearsay was not objectionable to throw additional light on the matter where the essential facts are sufficiently established. Here the only facts supporting a violation are those which are hearsay. The hearsy corroborates nothing in this case. Without it there are no facts showing a violation. Cf. *McMahon v. Budd,* 108 Pa. Superior Ct. 235, 164 A. 850.

Appellant also argues that like the case of *Yowkoski v. Hudson Coal Co.,* supra, 159 Pa. Superior Ct. 256, 48 A. 2d 80, there are sufficient circumstantial facts to support the finding that claimant violated the law. In that case it was alleged that claimant violated the law by having matches in his possession and that as a result an explosion occurred, causing the injuries. Claimant's testimony there amounted to a denial that he had had matches and that he was not smoking in the mine at the time of the explosion. An inspection of the

mine shortly after the explosion, however, disclosed a book of matches and two burnt matches in the immediate area in which claimant was working—one of the burnt matches being on top of the pile of coal which claimant had shovelled. A partly consumed cigarette was found in claimant's clothing. This Court held that these facts taken together with the conditions which were shown to have existed before and after the explosion warranted a finding that the explosion resulted from claimant's use of matches. There are no such circumstantial facts in the instant case. Claimant was found, after the explosion, some seven feet away from the holes which were blasted, on his knees, facing the holes. The injuries occurred to his face, not the back of his head, indicating that he was still moving toward the fuse when the explosion occurred. There was no indication that the lighter was in his hand or on the ground. The learned court below correctly analyzed the circumstances and inferences: "There is nothing to show claimant lit one of the fuses originally and it is a mere inference that he lit one after the first explosion. There is just as good an inference that the first shot set off the fuse of the second; or that the two fuses were originally lit by Mosier and one was slower burning than the other. Indeed this seems more likely than that claimant lit the second shot and could get only six or seven feet away, still facing the shot, before the charge went off. In any case, that claimant lit the second charge is inference and cannot support a finding, under the measure of proof required in these cases where claimants are charged with a crime, that is, that Copello violated the Bituminous Mine Act so as to deprive him of recovering in the action. In Commonwealth v. New, 354 Pa. 188, 47 A. 2d 450 (1946) MAXEY, Judge, said at 221: 'When two equally reasonable and mutually inconsistent inferences can be drawn from the

same set of circumstances, a jury must not be permitted to guess which inference it will adopt. . . . When a party on whom rests the burden of proof in either a criminal or a civil case offers evidence consistent with two opposing propositions it proves neither.' "

Appellant finally asserts that claimant is barred because he knew Mosier was violating the law in using the fuse and since he had notice of this fact he can be considered as being a co-conspirator with Mosier, hence bound by the illegal act of Mosier in using the forbidden fuse. The obvious answer to this tenuous theory is that the referee and board did not base their findings of fact upon this theory but on the hearsay evidence that claimant himself ignited the fuse. Nor do we think the Compensation Law contemplated such vicarious bar to compensation.

We realize defendant's difficulty in the matter of proof. There were apparently no eyewitnesses and it would have been proper to prove the violation entirely by circumstantial evidence. The trouble, however, was in the fact that there were few circumstantial facts which could be considered a "clear preponderance approximating that required in criminal cases". We have repeatedly held that where there is a conflict in the evidence, the issue of credibility is solely for the trier of fact and, ordinarily, its finding will not be disturbed. The court below and this Court could not independently weigh the evidence and substitute new findings. Unfortunately for defendant, however, this case does not center around the issue of credibility. Rather it is a matter where the referee and board accepted as competent evidence that which was incompetent, offered on behalf of the defendant who had the burden of proving the fact of violation. Claimant did not have to disprove violation until after it had been prima facie proved by competent evidence. Since the hearsay state-

ments of Mosier were the only evidence of a violation, we must agree with the learned court below that there was not sufficient—indeed no competent—evidence to support the finding that claimant violated the law regarding detonation of the explosive. We cannot accept suspicion for proof. *Lewis v. Capital Bakers, Inc.*, 144 Pa. Superior Ct. 171, 176 18 A. 2d 833.

Order affirmed.