## Evans v. Scranton School District

*Joseph C. Kreder*, for plaintiff.

*William T. Malone* and *Raymond F. Lowery*, for defendant.

EAGEN, J., October 25, 1957.—This is an appeal from an order of the workmen's compensation board dismissing a claim for compensation.

The legal issue presented for decision is whether or not a claim for compensation may be proven and sustained by hearsay testimony alone or, as stated in another manner, does hearsay testimony in itself constitute "competent and substantial evidence" such as necessary to meet the burden of proof required under the provisions of the statute.

The facts disclosed in the record may be summarized as follows: Jane Evans was employed as a charwoman by the Scranton School District. She failed to report for work after December 30, 1955, and on January 6, 1956, notified the secretary to the superintendent of supplies of the school district that she had suffered an accidental injury while at work on December 15, 1955. She was hospitalized on January 3, 1956, and due to a gangrenous condition in her left foot and leg, it was necessary first to amputate the big toe thereof and subsequently the leg itself above the knee.

A claim for compensation was filed and the referee made an award. The board reversed the referee's decision and this appeal followed.

It is the contention of claimant that on December 15, 1955, while in the course of her employment she bumped the big toe of her left foot against a piano while attempting to move it from one schoolroom to another and that the disability outlined above resulted at least in part from the trauma.

The claim was defended on the ground that claimant had for years suffered from advanced diabetes and that the disability was due wholly and completely to the preexisting illness.

Under the workmen's compensation statutes, in order to sustain the claim for compensation "the record must disclose *competent* and substantial evidence, either direct or circumstantial, of the happening to an employe of something undesigned, unexpected or fortuitous, outside of the ordinary course of events, and also of a disabling injury resulting therefrom": Patterson v. Philadelphia Dairy Products Company, 177 Pa. Superior Ct. 195.

Unfortunately, the employe-claimant died before her testimony could be made part of the record. The only proof to sustain the occurrence of the accident was the testimony of two physicians, who related that in the course of the medical history the subject-claimant said she had been injured by bumping her toe against a piano while at work on or about December 15, 1955.

In our opinion, this in itself does not constitute sufficient "competent and substantial evidence" to sustain the claim.

Medical histories are admissible as a necessary variant to the hearsay rule: Freedman v. Mutual Life Insurance Co. of New York, 342 Pa. 404. It is equally true that in workmen's compensation cases the strict and technical rules concerning the admissibility of evidence are in the interests of justice frequently necessarily relaxed: Lapen v. Economy Coat, Apron, Towel & Linen Supply Company, 163 Pa. Superior Ct. 593. And the happening of an accident in these type cases may be proven by circumstantial evidence alone: Wilcox v. Buckeye Coal Company, 158 Pa. Superior Ct. 264.

But herein the evidence of the occurrence of the accident was purely and completely hearsay. There was no

direct evidence and not even a scintilla of circumstantial evidence.

In a case of this kind, hearsay evidence would undoubtedly be admissible and bear weight to shed light upon essential facts not too clearly established by either direct or circumstantial evidence. But where the only proof offered is hearsay, that in itself corroborates nothing.

The following appellate court cases in Pennsylvania, while distinguishable in fact, sustain our conclusion: Copello v. New Shawmut Mining Co., 179 Pa. Superior Ct. 227; Schuch v. Harbison Dairies, Inc., 150 Pa. Superior Ct. 582; Leber v. Naftulin, 179 Pa. Superior Ct. 22; Nesbit v. Vandervert & Curry, 128 Pa. Superior Ct. 58.

Therefore, October 25, 1957, the appeal is dismissed and a final judgment is entered in favor of defendants.