Township of Salem, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Rose M. Leshow, widow of Charles Leshow, deceased, Respondents.

Argued October 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Robert C. Little, Burns, Manley & Little,* for petitioner.

*Robert Y. Cassol,* for respondents.

OPINION BY JUDGE MENCER, November 25, 1981:

Rose M. Leshow, widow of Charles Leshow, deceased (claimant) filed a fatal claim petition,[1] averring that, as a result of a motor vehicle accident on December 31, 1976, her husband died and at the time of the accident he was in the course and scope of his employment. A workmen's compensation referee awarded compensation benefits, and, on appeal by the employer of Charles Leshow, the Workmen's Compensation Appeal Board affirmed the award of the referee. This appeal followed and we affirm.

Charles Leshow, on the date of the accident, was an elected Supervisor of Salem Township and was also employed as a roadmaster by the township. The geographical area of Salem Township had been divided

---

[1] On February 8, 1978, claimant filed a second claim petition seeking benefits from the date of the initial injury on December 31, 1976 through February 16, 1977, when Charles Leshow died as a result of the injuries sustained in the December 31, 1976 accident. The referee held one hearing on both petitions and made a single award.

into three sections, and each supervisor acted as a roadmaster for the maintenance of the approximately 35 miles of roads in the area designated to him.

A roadmaster's duties included the supervision of the employees who performed the road maintenance work. The roadmasters had normal working hours from 7 a.m. to 3:30 p.m. but were on call 24 hours a day to insure the proper maintenance of the roads in their areas. Each roadmaster utilized his own pickup truck for his own transportation as well as for transporting tools, workers, and supplies throughout the township. As compensation, each roadmaster received $50 per day and, in addition, was paid $8 per day for the use of his truck.

On December 31, 1976, Charles Leshow reported for work at 7 a.m., and the record discloses that he had a conversation at approximately 11:45 a.m. with a fellow roadmaster relative to a township truck's being in need of a new differential. It was agreed between these two roadmasters that each of them would endeavor to locate the needed part.

The record contains no evidence of Charles Leshow's activities from about 11:45 a.m. until the accident at 3:50 p.m. which occurred on route 819 in the area of Salem Township in which he was responsible for road maintenance. The decedent sustained his injuries when the truck he was driving on a snowy and icy road left the traveled portion of the road and struck a tree.

The Township of Salem contends that there is no competent and substantial evidence sufficient to support the finding and conclusion of the compensation authorities that Charles Leshow was in the course of his employment with the township when he met with an accident which caused injuries to him which resulted in his death.

It is true that the determination of whether an employee is in the course of his employment at the time

of injury is one of law, based upon findings of fact. *Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). Also, the claimant has the burden of proving that her husband's death resulted from injuries sustained in the course of his employment. *Krawchuk v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 591, 397 A.2d 1296 (1979). We are also mindful that our scope of review, where the party with the burden of proof has prevailed before the referee and the Board, is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

Although this is an extremely close case and we might have reached a different conclusion based upon the same record, we must view the evidence in the light most favorable to the claimant, since the findings and the award are in favor of her claims.

We conclude that a fair reading of the record would establish as facts proved that at the time of the accident Charles Leshow was driving a truck, the use of which was required in connection with his employment and for which he was compensated at a daily rate; that the road on which he was driving at the place and time of the accident was within the area of the township where he had responsibility for road maintenance, including the plowing of snow and ashing of ice; and that his duties required him to be on 24-hour call, especially when weather conditions affected the roads.

Accordingly, it was a permissible inference by the referee,[2] fairly deducible from proved facts, "that on December 31, 1976, Charles Leshow was proceeding on

---

[2] *See Griffith v. Clearfield Truck Rentals, Inc.,* 427 Pa. 30, 233 A.2d 896 (1967).

Route 819 checking conditions of the road . . . at which time he slid off the road and struck a tree necessitating his confinement to Westmoreland Hospital where he subsequently died on February 16, 1977 as a result of the injuries he received in the December 31, 1976 accident.'' Fourteenth finding of fact.

Assuming that the evidence also permitted an inference that Charles Leshow was engaged on a mission of his own, the inference to be adopted was for the compensation authorities. There was no convincing proof in this record that he was engaged in a private endeavor or that he had abandoned his employment for personal reasons. *See Walden v. Williams Bros. Corporation,* 167 Pa. Superior Ct. 289, 74 A.2d 762 (1950).

Accordingly, we enter the following

## ORDER

AND Now, this 25th day of November, 1981, the order of the Workmen's Compensation Appeal Board, dated May 15, 1980, awarding workmen's compensation benefits to Rose M. Leshow, widow of Charles Leshow, is affirmed. Accordingly, it is ordered that judgment be entered in favor of Rose M. Leshow and against the Township of Salem and American States Insurance Company, in the amount of $187 per week, for the period beginning January 1, 1977 and continuing to February 16, 1977, and in favor of Rose M. Leshow on behalf of herself and her son, Samuel Michael, and against the Township of Salem and American States Insurance Company, in the amount of $187 per week for the period beginning February 17, 1977 and continuing to June 23, 1979, unless the son is enrolled in an approved educational program, but in no event later than June 23, 1984, and subsequently, in favor of Rose M. Leshow in the amount of $160.84 per week on behalf of herself and continuing so long as Rose Leshow remains eligible, together with interest at the rate of 10 percent per annum on all deferred

payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

In addition, the Township of Salem and/or American States Insurance Company is directed to reimburse claimant for the following expenses:

| | |
|---|---:|
| Reasonable burial expense incident to the death of Charles Leshow | $ 1,500.00 |
| Dr. Donald Kettering | 250.00 |
| Dr. S. Tanasara | 300.00 |
| Dr. F. Perrone | 2,450.00 |
| Westmoreland Hospital | 27,203.25 |

Attorney's fee, in the amount of 20 percent of back compensation due and owing to claimant on behalf of herself and her son shall be deducted from the deferred compensation due claimant and forwarded, together with the aforementioned expenses, directly to Robert Cassol, Esquire.