Joseph A. Yanall, Petitioner *v.* Workmen's Compensation Appeal Board (Pennsylvania State Police), Respondents.

458

Argued September 16, 1982, before Judges ROGERS, MACPHAIL and DOYLE, sitting as a panel of three.

*Stephen P. Ellwood,* with him *Lester Krasno,* for petitioner.

*Paul J. Dufallo,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 26, 1982:

This is the appeal of Joseph A. Yamall (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed an order of the referee dismissing Claimant's claim petition for workmen's compensation benefits on the basis that he failed to prove that he sustained an injury while in the course of employment.

Claimant was employed by the Pennsylvania State Police as route supervisor for all official inspection stations in Monroe and Carbon Counties since 1962. On July 2, 1974, Claimant suffered a myocardial infarction which Claimant alleges was in the course of his employment and happened in the following manner:

After I got my reports, I started to file them. When I say started to file them, I have a cabinet consisting of five drawers, and I pulled the top drawer out, and when I did, the entire cabinet lunged forward on me, and I got caught unexpectedly, and I sort of grabbed it and I felt a jar, and I pushed it back.

Claimant went back to his desk and started to type when he felt a burning sensation. He got a drink of water and sat down hoping the discomfort would pass but it did not. Shortly thereafter, he was taken to the hospital and it was determined Claimant suffered an acute coronary. Claimant did not return to work until October of 1974.

On August 6, 1974, Claimant filed a claim petition with the Bureau of Workmen's Compensation. Then on March 8, 1978, the referee entered a decision in favor of the Employer. This decision was appealed to the Board by Claimant and in an order issued December 26, 1978, the Board reversed and remanded the case for re-evaluation on grounds not relevant to this appeal. On remand, two troopers, neither of whom testified at the original hearing, appeared and testified on behalf of the Claimant. The referee in a detailed decision dated October 3, 1979, again held in favor of the Employer finding that the evidence of record failed to support and substantiate that the myocardial infarction sustained by Claimant was causally related to his employment. This decision was

affirmed by the Board on May 14, 1981. It is from this decision that Claimant appeals.

The gravamen of Claimant's appeal is that the referee and the Board capriciously disregarded[1] competent evidence and erred as a matter of law in determining that Claimant failed to prove[2] that he suffered an injury in the course of his employment.

A capricious disregard of evidence will be found when there is a willful and deliberate disregard of competent testimony and relevant evidence which one of ordinary intelligence could not possibly have avoided in reaching a result. *Transue v. Falk's Food Basket of Philadelphia*, 27 Pa. Commonwealth Ct. 156, 365 A.2d 894 (1976).

It is evident from the referee's detailed summarization of the testimony of the Claimant, the physicians and the other witnesses that no capricious disregard of evidence occurred in this case. Rather, the referee disbelieved Claimant's evidence on causation based on his judgment that the evidence lacked credibility. The following findings illustrate the referee's disbelief:

7. That claimant testified he was alone in his working room, during the period of time of the alleged occurrence of the filing cabinet incident.

8. That it is significant, in all written reports pertinent to this matter, (a) Claimant's petition for compensation; (b) Defendant-employer's report; (c) Insurance carrier report; and, (d) the Gnaden Huetten Hospital report, all failed to indicate the occurrence of the alleged filing cabinet incident.

---

[1] *See American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 594, 377 A.2d 1007, 1009 (1977).

[2] *See Krawchuk v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 591, 397 A.2d 1296 (1979).

9. That further evidence of record, testified to by witnesses on behalf of the claimant, regarding the authenticity of the occurrence of the alleged incident of "falling cabinet" was in serious conflict with the testimony given by the claimant.[3]

10. That evidence of record produced on behalf of the claimant, fails to support and substantiate the authenticity of the occurrence of the alleged incident of the "falling cabinet."

11. That medical evidence of record, pinpointed the filing cabinet incident as the crucial factor in precipitating the myocardial infarction, citing: "he (claimant) precipitated his attack with the unusual episode of the strain of the locker or filing cabinet falling on him." (T-20)

12. That medical testimony of the claimant attempting to establish a medical causation between the incident of July 2, 1974 and claimant's coronary infarction is conjectural.

13. That evidence of record fails to support and substantiate that myocardial infarction sustained by the claimant on July 2, 1974, was causally related to his employment with defendant-employer.

It is well settled that questions of credibility, the resolution of conflicts in the testimony, and the weight

---

[3] In the discussion section of his decision, the referee elaborated on the conflicts in testimony which caused him to disbelieve Claimant's account. For example, the Claimant said he was alone in his office when he got the chest pains; however, Sgt. Malinowski, officer in charge on that day, said he was present when Claimant got the chest pain. Also, Claimant contended that he placed the filing cabinet back by himself when it allegedly fell down; however, Sgt. Malinowski's testimony is that he helped Claimant aright the filing cabinet when it fell.

to be given the evidence presented are matters for determination by the referee and not this Court. *Snyder v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980). The referee may accept or reject the testimony of any witness in whole or in part. *Workmen's Compensation Appeal Board v. Guzman,* 18 Pa. Commonwealth Ct. 275, 334 A.2d 852 (1975).

Since we have determined there was no capricious disregard of evidence here, it is necessary that we determine as a matter of law, based on the facts as found by the referee,[4] whether Claimant's coronary was causally related to his employment.

In this case, the referee's disbelief that the alleged filing cabinet incident actually occurred is a crucial determination because Claimant offered no other evidence of stress from his employment. Claimant's physician testified that he believed Claimant precipitated his attack with the unusual strain of the filing cabinet incident, while the Employer's physician stated that the *only* way Claimant's coronary could be caused by his employment would be if there was any undue physical or emotional stress; otherwise it could not be so associated.

As a result, if the filing cabinet incident did not occur, as the referee found, Claimant's coronary was not work related and he is not entitled to workmen's compensation benefits because Claimant has not sustained his burden of proof. All of the necessary facts found by the referee compel the conclusion as a matter of law that Claimant did not sustain an injury while in the course of his employment.

Accordingly, we affirm.

---

[4] *See Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974).

ORDER

It is ordered that the order of the Workmen's Compensation Appeal Board, dated May 14, 1981, and numbered A-78095, denying benefits to Joseph A. Yanall, is hereby affirmed.