Ford Aerospace, Petitioner *v.* Workmen's Compensation Appeal Board (Davis), Respondents.

Submitted on briefs April 2, 1984, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and COLINS, sitting as a panel of three.

*Sharon F. Harvey, Swartz, Campbell & Detweiler,* for petitioner.

*Barry L. Kratzer, Needleman, Needleman, Caney, Stein & Kratzer, Ltd.,* for respondent, Deborah Davis.

OPINION BY JUDGE WILLIAMS, JR., July 11, 1984:

Ford Aerospace appeals from a decision of the Workmen's Compensation Appeal Board (Board), Deborah Davis was injured in the course of her employment and was therefore entitled to workmen's

compensation benefits and legal fees incurred in prosecuting her claim. We affirm.

The facts of this matter are not in dispute. On February 9, 1979, Deborah Davis, an employee of Ford Aerospace (employer), was injured on the employer's premises which injuries caused Davis to be absent from work for fifteen weeks. Davis' injury occurred when she fell out of a chair in her foreman's office, hit the floor and injured her shoulder. Earlier on her shift, Davis had reported to her foreman that she was ill and requested permission to report off work. The foreman refused Davis permission to go home or to take her prescribed medication but later had Davis taken to the emergency room of a local hospital for treatment.[1] After being treated, Davis was escorted back to the employer's premises to report to her foreman. Upon her return to employer's place of business, Davis became groggy as a result of the medication she received and her foreman directed her to rest in an office. The foreman sat her in a straight back wooden chair at a desk and turned out the lights. Davis thereafter fell asleep and later fell out of the chair injuring her shoulder. The injuries received as a result of this incident caused Davis to be absent from work from February 10, 1979 until May 28, 1979.[2]

Davis filed a claim for compensation pursuant to the Pennsylvania Workmen's Compensation Act (Act).[3] After a hearing, a referee granted Davis

---

[1] Davis worked the 12:00 midnight to 7:00 a.m. shift at Ford Aerospace during which shift there are no company medical personnel on duty.

[2] Davis did report for work on February 12, 1979 but testified the pain from the injury precluded her from actually performing her duties. The referee did not award workmen's compensation benefits for this day.

[3] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1601.1.

workmen's compensation benefits of $181.33 per week from February 10, 1979 through May 28, 1979 less a credit to the employer for health and accident benefits previously paid to Davis. The referee also awarded Davis counsel fees of twenty percent of the total benefits pro-rated between the credit the employer received for the prior insurance benefits and the balance of the workmen's compensation award.[4] The employer appealed to the Board which affirmed the referee's order and petition for review by this Court followed.

The employer presented two issues for us to resolve on appeal. The first is whether the Board's finding that Davis was injured in the course of her employment was in capricious disregard of competent evidence. The other issue is whether the Board erred in awarding counsel fees to Davis' attorney from the amount of the credit the employer received for previously paid health and accident benefits.

The determination of whether an employee is in the course of his employment at the time of injury is one of law, based upon findings of fact. *Yanall v. Workmen's Compensation Appeal Board (Pennsylvania State Police)*, 69 Pa. Commonwealth Ct. 457, 451 A.2d 797 (1982); *Greene v. Marger, Inc.*, 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). Davis, the claimant, has the burden of proving that her injuries were sustained in the course of her employment. *Krawchuk v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 591, 397 A.2d 1296 (1979). We are also mindful that our scope of review, where the party with the burden of proof has

---

[4] Davis had previously received a total of $1,922.40 in health and accident benefits which were credited to the employer less twenty percent awarded to Davis' attorney as a pro-rata share of the counsel fee award.

prevailed before the referee and the Board, is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact is unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

We conclude that a fair reading of the record establishes that Davis was in the course of her employment when she was injured. She was injured on the employer's premises, during her work shift, prior to her punching out for the day. The employer argues that the evidence showed that Davis was not furthering the employer's business or required to be at the employer's place of business when the injury occurred and that the referee and the Board capriciously disregarded this evidence when they made their findings. We do not agree.

As the party who bore the burden of proof prevailed before the referee, the standard to be applied on review is whether the adjudication is supported by substantial evidence. "Substantial evidence" such as will support a finding of fact is such relevant evidence as a reasonable mind might accept to support a conclusion. *Barnes v. Department of Justice,* 70 Pa. Commonwealth Ct. 47, 452 A.2d 593 (1982). Our review of the record satisfies us that there is substantial evidence in the record to support the referee's findings. Davis was present at the employer's place of business because the employer required her to be there. She had previously requested permission to report off work which the employer refused. The employer transported Davis to and from the hospital emergency room and later placed her in the unused office to rest. There is no convincing proof in the

record that Davis was engaged in a private endeavor or had abandoned her employment for personal reasons. *See Walden v. Williams Bros. Corporation,* 167 Pa. Superior Ct. 289, 74 A.2d 762 (1950).

More difficult, however, is the employer's claim that the Board erred in awarding Davis' attorney a fee of twenty percent out of the credit of $1,922.40. This credit was granted to the employer as a result of benefits already paid to Davis from a health and accident policy.

The award of attorney's fees in workmen's compensation cases is governed by Section 442 of the Act, 77 P.S. §998, which provides for counsel fees of up to twenty percent of the amount awarded. The employer contends that the "amount awarded" in this case is the excess of the workmen's compensation benefits over the credit granted to the employer for previously paid benefits. The Board and Davis contend that the "amount awarded" is the entire workmen's compensation benefit of $181.33 per week for fifteen weeks and the counsel fee award should be based upon that amount. We have previously held that the term "amount awarded" as used in Section 442 of the Act includes all amounts awarded to a claimant in a referee's order. *Workmen's Compensation Appeal Board v. General Machine Products Co.,* 24 Pa. Commonwealth Ct. 95, 353 A.2d 911 (1976) (referee erred in limiting attorney's recovery to a percentage of the "first check"). Accordingly, we agree with the Board that the "amount awarded" is the full workmen's compensation benefit of $181.33 per week for fifteen weeks. The fact that the employer was granted a credit against the amount awarded to Davis does not preclude the award of counsel fees on the amount of that credit. Davis' attorney created a workmen's compensation fund on

behalf of his client and under the law he is entitled to a counsel fee of twenty percent of the amount awarded.

To limit the counsel fee award as urged by the employer we would have to do so under Section 440 of the Act, 77 P.S. §996.[5] Section 440 limits the award of counsel fees where the only controversy is over the amount of compensation, not the eligibility for compensation, and benefits have been paid or tendered to the claimant. To have counsel fees limited to the difference between benefits paid or tendered and benefits finally awarded, the benefits paid or tendered to a claimant must be on account of the workmen's compensation claim. Here, the benefits previously paid to Davis were from a health and accident policy totally unrelated to Davis' workmen's compensation claim. A second requirement under Section 440 is that the *sole* controversy relates to the amount of compensation due a claimant. Here, the employer contested Davis' eligibility to receive workmen's compensation benefits and clearly is outside of the counsel fee limiting provisions of Section 440. Therefore the employer is not entitled to have the counsel fee award under Section 442 limited to only the balance of the award remaining after the employer's credit of $1,-922.40 is substracted.

We must therefore affirm the Board's order.

### ORDER

AND Now, the 11th day of July, 1984, the order of the Workmen's Compensation Appeal Board at No. A-81324, dated November 26, 1982, is hereby affirmed.

---

[5] Section 440 of the Act provides that where an insurer has tendered or paid compensation on a claim and the controversy relates solely to the amount of compensation due, costs for counsel fees shall be based only on the difference between the final award and the compensation paid or tendered by the insurer.