Donald S. Stover, Petitioner *v.* Workmen's Compensation Appeal Board (Wheeling-Pittsburgh Steel Corp.), Respondents.

Submitted on briefs September 12, 1984, to Judges WILLIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*Neil J. Marcus,* for petitioner.

*Stephen A. McCarthy,* for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 31, 1984:
Donald S. Stover (claimant) petitions for review
of an order of the Workmen's Compensation Appeal
Board (Board) which reversed the decision of a ref-
eree and denied his claim for compensation. We re-
verse the Board and reinstate the decision of the
referee.

Claimant was employed by Wheeling-Pittsburgh
Steel Corporation (employer) in its labor pool. As
part of his duties at the employer's Allenport Branch,
claimant was required to perform hot and heavy work
on or around furnaces whose temperatures ranged
from 2,200 to 2,500 degrees Fahrenheit. Claimant was
not shielded with protective clothing and suffered re-
peated burns of the arms and hands. The work en-
vironment was extremely noisy as a result of the op-
eration of the furnaces and overhead crane. Follow-
ing this constant exposure to these conditions, claim-
ant became physically uncomfortable and developed
stress and anxiety. On July 24, 1976, claimant re-
ported to the plant dispensary complaining of dizzi-

ness; he was then treated by the company nurse and sent home. Claimant was diagnosed as suffering from hypertension which rendered him totally disabled from July 25, 1976. Claimant and his physician, Dr. William Rongaus, filed a sickness and accident claim form with the employer on October 28, 1976. Claimant's hypertension was deemed cured as of April 4, 1977 when all disability ceased.

On June 8, 1978, claimant filed a petition for workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] After a hearing, the referee dismissed claimant's petition for compensation, finding that claimant had failed to comply with the notice provisions of Section 311 of the Act[2] Claimant appealed the dismissal and the Board remanded the case to the referee to determine (1) the date of the injury; (2) whether claimant's injury was an occupational disease; and (3) whether claimant satisfied the requirements of Section 108(n) of the Act.[3] On remand, the referee determined that claim-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

[2] Section 311 of the Act, 77 P.S. §631, requires employees to give the employer notice of the occurrence of an injury. If notice is not given to the employer within twenty-one days of the injury, no compensation is due until such notice is given. If the employer is not given notice within one hundred twenty days after the occurrence of an injury, no compensation is allowed.

[3] Section 108(n) of the Act, 77 P.S. §27.1(n), reads as follows:
(n) All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population. For the purposes of this clause, partial loss of hearing in one or both ears due to noise; and the diseases, silicosis, anthracosilicosis and coal workers' pneumoconiosis resulting from employment in and around a coal mine, shall not be considered occupational diseases.

ant's injury occurred on July 24, 1976, the date claimant was diagnosed as suffering from hypertension, and that the sickness and accident claim form filed by claimant on October 28, 1976 was sufficient notice to comply with Section 311 of the Act. The referee also concluded that claimant's injury was compensable under Section 301(c) of the Act[4] and not governed by the occupational disease standards of Section 108(n). The referee awarded claimant benefits beginning October 28, 1976 and terminating April 4, 1977. The employer appealed that decision to the Board. On November 18, 1982 the Board reversed the referee and concluded that claimant's injury was governed by the occupational disease standards and dismissed the petition for compensation finding that claimant failed to meet the requirements of Section 108(n) of the Act. Claimant then petitioned this Court for review.

The sole issue on this appeal is whether the Board erred in reversing the referee's finding that claimant suffered a non-disease injury under Section 301(c) of the Act and determining his claim under the omnibus occupational disease standards of Section 108(n) of the Act. We note initially in workmen's compensation cases that the burden of proof is on the claimant to show that he or she has suffered a compensable injury. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley Co., Inc.)*, 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982). Where the party with the burden of proof has prevailed before the referee and the Board took no additional evidence, our scope of review is limited to determining whether constitutional rights were violated, an error of law

[4] 77 P.S. §411.

committed, or a necessary finding of fact was unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979). Under the 1972 amendment to Section 423 of the Act, 77 P.S. §854, the Board is bound by the referee's findings of fact unless the findings are not supported by substantial competent evidence. Only where the referee's findings of fact are not supported by substantial competent evidence may the Board substitute its own findings. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Here, the referee specifically found that claimant suffered an injury, essential hypertension, that was caused by the emotional stress and strain of claimant's work environment. The referee accepted the medical testimony of claimant's doctor, Dr. William Rongaus, as to the characterization of claimant's essential hypertension as an injury and that the injury was caused by claimant's work environment. The referee was wholly within his province to accept the testimony of claimant's medical expert and reject the testimony of the employer's medical expert. *See Yanall v. Workmen's Compensation Appeal Board (Pennsylvania State Police),* 69 Pa. Commonwealth Ct. 457, 451 A.2d 797 (1982). Viewing the record as a whole, we find the referee's findings supported by substantial competent evidence. The Board, therefore, erred when it reversed the referee and held claimant's claim to be determined by the omnibus occupational disease standards of Section 108(n) of the Act.

The Board also erred as a matter of law in its holding that repeated daily trauma causing harm to

claimant's body is required to constitute a compensable injury. Previous decisions of this Court have held that disabilities caused by work-related stress are compensable. *See Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 558, 430 A.2d 399 (1981) (work-related stress and decedent's inability to deal with stress causally related to fatal myocardial infarction); *Breen v. Pennsylvania Crime Commission,* 52 Pa. Commonwealth Ct. 41, 415 A.2d 148 (1980) (demands of claimant's position and the resulting stress aggravated his preexisting colon condition); *Owens v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 510, 395 A.2d 1032 (1979) (osteoarthritis resulting from stressful work).

We also reject the employer's argument that hypertension is a "disease" and that it must meet the requirements of Section 108(n) of the Act to be compensable. Our Supreme Court rejected a similar argument in *Workmen's Compensation Appeal Board v. Bernard S. Pincus Co.,* 479 Pa. 286, 388 A.2d 659 (1978), where it held that calling a condition a "disease" does not preclude it from being compensable under the general terms of Section 301(c) of the Act. *Cf. Creighan v. Fireman's Relief and Pension Fund Board,* 397 Pa. 419, 155 A.2d 844 (1959) (claimant's disability caused by tuberculosis a compensable "injury" under Firemen's Relief and Pension Fund Law).

Our review of the record satisfies us that claimant presented sufficient medical evidence to show his hypertension was work-related. We are also satisfied that the record supports the conclusion of the referee that claimant's hypertension was a compensable injury even though it did not fall within the

definition of an "occupational disease." We will, therefore, reverse the decision of the Board and reinstate the decision of the referee.

ORDER

AND Now, the 31st day of October, 1984, the Order of the Workmen's Compensation Appeal Board at Docket No. A-82380, dated November 18, 1982, is reversed and the decision of the referee granting Donald S. Stover compensation from October 28, 1976 to April 4, 1977 is reinstated.