540

Daniel E. Peer, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (B & W Construction), Respondents.

Argued October 10, 1985, before Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Yaier Lehrer*, with him, *Herbert B. Lebovitz, Lebovitz & Lebovitz, P.A.*, for petitioner.

*David A. Cicola*, with him, *Paul T. Grater, William K. Herrington & Associates*, for respondent, B & W Construction.

OPINION BY JUDGE PALLADINO, January 31, 1986 :

Daniel E. Peer, Jr. (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) denying him workmen's compensation benefits on the ground that he was not acting within the scope of his employment at the time of his injury. We affirm.

Claimant was employed as a boilermaker by the B & W Construction Company (Employer). During the time of his employment with Employer, Claimant resided in Clinton, Pennsylvania, and commuted to a job site in Brilliant, Ohio, which is approximately thirty-five miles distant. On September 4, 1975, while travelling by motorcycle to his place of employment, Claimant lost control of his vehicle as he attempted to avoid colliding with a dog in his path and, consequently, he struck an embankment and suffered serious injuries.

After a workmen's compensation hearing, the referee determined that Claimant was entitled to benefits because he was injured in the course of his employment. In so holding, the referee found that Claimant's actions were consistent with a contract of employment which included transportation to and from work, and that Claimant was acting in furtherance of Employer's business at the time of the accident. Furthermore, the referee held that Claimant did not have a fixed place of work.

On appeal, the Board reversed the referee's decision, holding that, as a matter of law, Claimant was not injured in the course of his employment. Specifically, the Board determined that, although Claimant received remuneration in a fixed amount for travel expenses pursuant to an agreement between Employer and Claimant's union, such an arrangement was not a necessary element in the scope of Claimant's employment with Employer. Moreover, the Board found that Employer did not exercise control over Claimant's activities at the time of the injury and that Claimant was not furthering the business of Employer at the time he was injured. Addressing the issue raised by Employer as to whether Pennsylvania or Ohio was the appropriate forum for Claimant's workmen's compensation claim, the Board noted that Ohio may have been an appropriate forum and that the Board's decision applies only to the validity of the claim under the law of Pennsylvania, and so it should not be construed as precluding Claimant from possibly obtaining benefits in Ohio under the workmen's compensation law of that state.

On appeal to this Court, Claimant argues that the Board erred in disregarding the referee's findings and in holding that Claimant was not acting in the course of his employment when he was injured. Claimant contends further that Pennsylvania is the appropriate

forum for his claim and that The Pennsylvania Workmen's Compensation Act[1] (Act) is the applicable law.

Section 301(c) of the Act[2] provides that, for purposes of the Act, compensable injuries include those ''sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.'' In regard to this provision, Claimant has the burden of proving that his injury was sustained in the course of his employment. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

Where, as here, the party with the burden of proof has prevailed before the referee and the Board took no additional evidence, our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Stover v. Workmen's Compensation Appeal Board (Wheeling-Pittsburgh Steel Corp.)*, 85 Pa. Commonwealth Ct. 632, 482 A.2d 1364 (1984). Moreover, under the 1972 amendment to Section 423 of the Act,[3] the Board is bound by the referee's findings of fact unless the findings are not supported by substantial competent evidence. Only where the referee's findings of fact are not supported by substantial competent evidence may the Board substitute its own findings. *Id.* at 636, 482 A.2d at 1366.

As the Board correctly stated in its decision, whether Claimant was acting in the course of his employment at the time of his injury is a question of law to be determined on the basis of the findings of fact. *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa. Commonwealth Ct. 596, 464 A.2d 675 (1983). This Court has held that,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

[2] 77 P.S. §411(1).

[3] 77 P.S. §854.

generally, injuries received by an employee travelling to or from his place of employment are not compensable. *Wolfe v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 97, 442 A.2d 12 (1982). This rule is grounded on the recognition that in the usual case an employee travelling to or from work is neither on the premises of his employer, nor engaged in the furtherance of his employer's affairs, as is required by Section 301(c) of the Act. *Id.*

There are exceptions to this rule, however, and an injury sustained while going to or coming from work may be compensable if: (1) the employment contract included transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on special assignment for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.)*, 88 Pa. Commonwealth Ct. 426, 489 A.2d 1006 (1985). These exceptions are intended to cover situations in which an employee is travelling to or from work but in doing so continues to act in the course of his employment.

In the case at bar, Claimant contends that the referee properly found that exceptions (1) and (2) apply to the circumstances surrounding Claimant's injury and that, therefore, the Board is bound by these findings to conclude that Claimant was injured in the course of his employment. We disagree.

Although the Board recognized that the collective bargaining agreement between Employer and Claimant's union provided for a travel allowance, the Board properly rejected the referee's legal conclusion that such an agreement, in and of itself, places Claimant's travels to and from work within the course of his employment. As the record shows, the agreement specified that car fare was to be paid to union members according to a formula which utilized the distance be-

tween an employee's place of employment and the City Hall of Pittsburgh, without consideration as to the actual distance union members would travel from their homes to their place of employment. Although this provision of the agreement provided extra compensation to union members, it neither required Employer to provide transportation, nor did it allow Employer to exercise control over the means of transportation chosen by individual employees. Moreover, the allowance did not further the business of Employer. Accordingly, the Board correctly determined that the agreement did not bring Claimant's transportation to and from work within the scope of his employment.

We also conclude that the Board acted properly in disregarding the referee's finding that Claimant did not have a fixed place of work, because that finding is not supported by substantial evidence. The testimony of both Claimant and Employer's witness indicates that, during the time Claimant was employed by Employer, he performed his work at Employer's job site in Brilliant, Ohio. Although the record shows that, on one occasion, Claimant's union sent Claimant to a different job site for a temporary assignment with another employer, that transfer occurred at the direction of the union and was not required or controlled by Employer, nor was it intended for Employer's benefit. The fact remains, therefore, that while Claimant was working for Employer, he performed his job duties at one, fixed location.

Addressing the second issue raised by Claimant, as to the appropriateness of Pennsylvania as the forum in which to bring Claimant's compensation claim, we need say only that the Board treated the claim at issue as being properly within the jurisdiction of the compensation authorities of Pennsylvania. Although the Board commented on the possibility that Ohio was an appropriate forum for the same claim, the Board did so only to indicate that its decision applied to Claim-

ant's rights under the laws of Pennsylvania and it should not be construed as affecting Claimant's right to compensation in any other forum. Claimant, therefore, was in no way prejudiced by the Board's references to Ohio as an appropriate forum.

Accordingly, we affirm the decision and order of the Board.

### ORDER

AND Now, January 31, 1986, the order of the Workmen's Compensation Appeal Board at No. A-77868, dated March 15, 1984, is affirmed.