512 A.2d 744

Philadelphia Electric Company, Petitioner *v.* Workmen's Compensation Appeal Board (Rutter), Respondents.

Submitted on briefs December 10, 1985, to President Judge CRUMLISH, Judge BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for petitioner.

*Michael M. Goss, Weinstein, Goss, Katzenstein & Schleifer*, for respondent, Robert Rutter.

OPINION BY JUDGE BARRY, July 2, 1986:

This is an appeal by petitioner, Philadelphia Electric Company, from an order of the Workmen's Compensation Appeal Board (Board) approving the referee's grant of benefits to claimant/respondent, Robert Rutter, on the basis that his back injury was an aggravation of a pre-existing, work-related injury.

Claimant was a mechanical assistant employed by petitioner since February of 1954. He alleges that on Wednesday, January 22, 1980, while changing a battery, he twisted his back. He worked the next two days but on the evening of January 24, lay down on a sofa in his home and was unable to get up due to the excruciating pain in his back. He was scheduled to work on Saturday, January 25, 1980, the following day, but called off. He never reported to work again. He underwent fusion surgery in March of 1980 and June of 1980.[1] The refer-

---

[1] The record shows claimant had a fusion of L-4 and L-5 interspace in March of 1980 and L-5, S-1 in June of 1980.

ee found that the official diagnosis was multiple degenerative spondylosis of the lumbar spine particularly at L-4, L-5, due to degenerative changes aggravated by multiple injuries at work over a long period of time back to 1965. The referee also found that as a result, claimant wears a back brace, cannot walk short distances without resting, cannot drive and is on medication for pain and depression. Dr. Paul M. Lin, M.D., a surgeon who performed the 1980 operations, had treated claimant since 1965, and performed surgery on claimant in 1966 and 1971 for recurrent back problems. The record shows that claimant complained of back pains from 1966 through his operations in 1966, 1971 and 1980 until presently.

The following are the relevant conclusions drawn by the referee:

1. Claimant sustained a compensable injury on January 22, 1980 by:

a. suffering an aggravation of pre-existing work-related injuries originally sustained in 1965. The incident of January 22, 1980, superimposed upon the back condition caused by these prior injuries caused his present symptomology. Beaver Supermarket v. Workmen's Compensation Appeal Board, 424 A.2d 1023 (Commonwealth Court 1981) or;

b. the arduous physical demands on his job and frequent traumas caused by his requirements of reaching, bending and lifting caused his present disability.

The Board affirmed the referee's decision but in a separate opinion emphasized that Dr. Lin's testimony did not unequivocally establish that the battery-lifting incident was the cause of claimant's injuries. The Board found that Dr. Lin did establish the injury as work-related when he unequivocally testified that the repeti-

tive traumas of claimant's work duties over the years caused these injuries. In addition, the Board found that employer was entitled to a credit for full wages received by claimant and paid by employer during the period from January 25, 1980 until February 1, 1981. The Board denied the employer's request that a credit be given for benefits paid by a Beneficial Association in the amount of $413.00 per month because no testimony was offered by employer to show that employer had, in fact, paid these benefits.[2]

On appeal, employer argues that the record lacks substantial evidence to support the referee's finding that claimant afforded adequate notice to employer of his injury under Sections 311-313 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§631-633, and that the injury was actually work related. Employer also argues that the Board erred in failing to allow it credit for benefits claimant received.

The burden of proof, in a workmen's compensation case, to show that he or she has suffered a compensable injury is on the claimant. *Stover v. Workmen's Compensation Appeal Board*, 85 Pa. Commonwealth Ct. 632, 482 A.2d 1364 (1984). When the party with the burden of proof prevails before the Board our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Ford Aerospace v. Workmen's Compensation Appeal Board*, 83 Pa. Commonwealth Ct. 584, 478 A.2d 507 (1984).

Employer argues that the referee erred in finding that claimant notified his foreman of the battery-lifting

---

[2] The Beneficial Association is not clearly identified in the record and we cannot determine if it is an insurance company, an organization created by the employer or some other entity.

incident because claimant's inconsistent and contradictory testimony is not substantial evidence on which to base such a conclusion. After considering the testimony of employer's witnesses including claimant's foreman, Mr. McClure, the referee found: "On January 22, 1980, he was injured while changing a truck battery. He was bending over to pick up a battery and felt pain in the bottom of his spine going down his right leg. He reported the incident to his foreman McClure." This is nothing more than a credibility determination on the part of the referee and a resolution of an evidentiary conflict. This function belongs to the fact-finder and we cannot disturb such a determination. *Hirschberg v. Workmen's Compensation Appeal Board,* 81 Pa. Commonwealth Ct. 579, 474 A.2d 82 (1984).

Employer next contends that the Board erred in accepting the referee's finding that employer received the proper 120 days notice under the Act of the January 22, 1980 battery-lifting incident. Employer bases this contention on the fact that the Board, in its opinion, established that the battery-lifting incident, standing alone, was not a compensable injury; rather, the Board found that the repetitive traumas sustained by claimant in the performance of his employment duties were the cause of his injuries, and no notice of *this* injury was ever afforded employer. Although it is true that the Board granted benefits to claimant under a different theory of recovery, the Board was, nevertheless, correct in pinpointing January 22, 1980, as the date from which the notice requirement began. The injury occurred as a result of the recurring trauma between 1965 and January 22, 1980. The record is clear, in any case, that during those years the employer was aware of claimant's condition and the effect of the heavy work on this condition. Actual knowledge is sufficient notice under Section 311 of the Act. *See Beaver Supermarket v. Workmen's*

*Compensation Appeal Board,* 56 Pa. Commonwealth
Ct. 505, 424 A.2d 1023 (1981). Moreover, when claim-
ant reported to his foreman that he had injured his back
on January 22, 1980, while performing his duties at
work he met the requirement of Section 312 of the Act
which reads: "The notice referred to in section three
hundred and eleven shall inform the employer that a
certain employe received an injury, described in ordi-
nary language, in the *course of his employment on or
about a specified time, at or near a place specified.*
(Footnote omitted) (emphasis added).

The employer argues that the Board erred by con-
cluding, in the absence of unequivocal medical testimo-
ny, that the aggravation of claimant's pre-existing condi-
tion was work related. The Board, on page 3 of its opin-
ion, states that: "At no time did Dr. Lin unequivocally
testify that claimant's disability was caused by lifting a
battery on January 22, 1980." Hence, employer's claim
that Dr. Lin did not unequivocally testify that the
battery-lifting incident was the cause of claimant's inju-
ry was already acknowledged by the Board. The Board
went on to find that Dr. Lin did unequivocally testify
that claimant's condition was caused by repetitive
traumas *at work* aggravating claimant's condition. The
Board supported this conclusion with the following ex-
cerpt from Dr. Lin's testimony:

> THE WITNESS: Fail, fail back, fail back due
> to multiple degenerative spondylosis of the lum-
> bar spine, especially L4 and L5, due to degener-
> ative changes aggravated by multiple injuries at
> work over many—over a long period of time.
>
> . . . .
>
> Q. You are saying that this man's difficulty is
> as a result of a 1965 injury; am I right?
>
> A. No. I am saying his difficulty is a continu-
> ation of injury with his work because there were

many occasions I already testified after examining him I gave him hell, I said don't go back to the heavy work, don't go back to heavy work. So it is hard to say which one is the culprit of the whole thing.

Q. In other words, it is impossible to say which incident brought this man's problem about; am I right?

A. Well, except at times he had heavy lifting, he had a severe attack, that attack aggravated preexisting condition.

Q. Except that that flareup dissolved or disappeared, then he was back to 'his condition before; am I right?

A. That's about right, with maybe with some worsening condition there was before. I don't think that that would be completely—

Q. You would never be able to tell or measure that, would you?

A. No, can't measure, except to say one's damage is always a certain scar or weakness left with you.

Q. Now, isn't it possible to tell which incident disabled a man?

A. Well—

Q. Are you saying a '65 incident disabled him:

A. No, I can't say '65. I can say that whatever his latest one, preceding surgery is probably the one that necessary—make it necessary to have surgery.

*Lin Deposition* at 17, 29-30. This testimony by Dr. Lin is sufficiently unequivocal to support the Board's finding that claimant's injury was a work-related aggravation of a pre-existing back condition. Given this fact, claimant's failure, in his contact with Dr. Lin and the employer

subsequent to the January 22, 1980 battery-lifting incident, to attribute his injuries specifically to that occurrence, is immaterial.

Finally, the employer argues that the Board erred in not granting employer a credit against the future workmen's compensation benefits to be paid claimant for the sickness and accident benefits employer alleges claimant received. We note preliminarily that the Board *did* grant employer's request for a credit for full wages paid to claimant for the first year of his disability. It did so on the basis of claimant's admission that he received his full salary. Claimant admitted that he also received the benefits· after his full salary was terminated.[2] Section 319 of the Act, 77 P.S. §671, reads in relevant part:

> Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of the employe, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employe, his personal ·representative, his estate or his dependents. The employer shall pay that proportion of the attorney's fees and other proper disbursements that the amount of compensation paid or payable at the time of recovery or settlement bears to the total recovery or settlement. Any recovery against such third person in excess

---

[2] The Beneficial Association is not clearly identified in the record and we cannot determine if it is an insurance company, an organization created by the employer or some other entity.

of the compensation theretofore paid by the employer shall be paid forthwith to the employe, his personal representative, his estate or his dependents, and shall be treated as an advance payment by the employer on account of any future instalments of compensation.

Where an employe has received payments for the disability or medical expense resulting from an injury in the course of his employment paid by the employer or an insurance company on the basis that the injury and disability were not compensable under this act in the event of an agreement or award for that injury the employer or insurance company who made the payments shall be subrogated out of the agreement or award to the amount so paid, if the right to subrogation is agreed to by the parties or is established at the time of hearing before the referee or the board. (Footnote omitted.)

In applying Section 319 to the facts before us we find that employer has failed to show entitlement to a credit for the benefits. Although no doubt exists that employer originally believed claimant's injury to be non-compensable under the Act, employer has failed to meet the other requirements of Section 319. In *Workmen's Compensation Appeal Board v. Olivetti Corp.*, 26 Pa. Commonwealth Ct. 464, 364 A.2d 735 (1976), we declined to grant Olivetti Corporation a credit on future installments of compensation paid to the claimant when the record contained no evidence of the subrogation agreement between the parties and the testimony showed that the sickness and accident insurance carrier, rather than the employer, made the payments of the benefit to claimant but failed to join the proceedings to assert its right to subrogation. Our review of the record shows that there is no evidence of a subrogation agree-

ment between claimant and employer nor between claimant and the Beneficial Association. The record discloses no evidence that employer made the payments, or whether Beneficial Association was an agent of employer, or an independent insurance carrier. In *United States Steel Corp. v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 67, 308 A.2d 200 (1973), we granted a credit to United States Steel Corporation. We make note that, in its answer to the claim petition filed by claimant, United States Steel specifically made mention of its subrogation claim on behalf of its insurance company. The record before us contains no such documentary evidence.

Hence, employer has failed to produce sufficient evidence to show entitlement to credit for benefits received by claimant.

Accordingly, we affirm the Board.

ORDER

Now, July 2, 1986, the order of the Board, No. A-84751, dated September 27, 1984, affirming with modifications the decision of the referee dated October 4, 1982 is affirmed.