582 A.2d 421

**SEPTA, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(SCOTT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 31, 1990.

Decided Nov. 7, 1990.

Vatche Kaloustian, with him, Patricia M. McDevitt, Thomas F. McDevitt, P.C., Philadelphia, for petitioner.

George Martin, Martin and Clemens, Philadelphia, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

PALLADINO, Judge.

Southeastern Pennsylvania Transportation Authority (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision that the injuries sustained by Lissa A. Scott (Claimant) were compensable because they occurred within the course and scope of her employment. We affirm.

Claimant was injured in an automobile accident which occurred while she was on her way to work. She filed a claim stating that she was disabled by the accident and that the accident occurred while she was within the course and scope of her employment as a field claims adjuster. Employer denied the allegation.

The referee found that Claimant spent approximately 32 hours per week out of the office investigating claims throughout the Philadelphia region. She used her own automobile and carried a beeper so that Employer could contact her while she was in the field. She was required to report to the office prior to starting her work each day. Though they were not required to wear their beepers on the way to work, some claims adjusters did so, and Employer was aware of this. Further, on at least two occasions Employer had contacted Claimant on her way to work to have her go directly to an investigation scene rather than report to the office.

The referee therefore concluded that Claimant was injured within the course and scope of her employment, and the Board affirmed.

On appeal to this court, Employer raises the issue of whether the referee erred in concluding that Claimant was within the course and scope of her employment. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Magayna v. Workmen's Compensation Appeal Board, (Jones & Laughlin Steel Corp.)*, 115 Pa.Commonwealth Ct. 268, 539 A.2d 952 (1988).

Where the Board takes no additional evidence, the ultimate fact finder is the referee, whose factual determinations, when supported by substantial evidence, must be accepted. *Id.*

Whether Claimant was acting within the scope of her employment when she was injured is a question of law to be determined on the basis of the findings of fact. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa.Commonwealth Ct. 540, 503 A.2d 1096 (1986). Generally, injuries sustained by an employee while traveling to and from work (commuting) are not compensable. *Id.*

Claimant's employment is analogous to that of the traveling salesman because most of her time is spent out of the office investigating claims. However, each day she must report to the office before she leaves to begin investigations. Though injuries sustained by Claimant during her commute to work would not usually be compensable because they do not occur during the course and scope of her employment, they are compensable if one of the following exceptions applies:

(1) the employment contract included transportation to and from work;

(2) the claimant has no fixed place of work;

(3) the claimant is on special assignment for the employer; or

(4) special circumstances are such that the claimant was furthering the business of the employer.

*Peer*, 94 Pa.Commonwealth Ct. at 544, 503 A.2d at 1098.

Employer argues that Claimant's injuries are not compensable because the incidental carrying of work-related items on a regular commuting trip is not an exception to the rule that injuries incurred by an employee while traveling to or from work are not compensable. The cases cited by Employer deal with instances in which employees carry various types of equipment with them such as tools, briefcases or clothing. However, because a beeper allows Employer to

contact employees, it can not be compared to a tool or an article of clothing.

Employer also argues that Claimant does not qualify for the first exception because her employment contract does not include transportation to and from work, because Claimant was driving a private automobile, was not being reimbursed on a portal to portal basis and was not engaged in the business of the employer.

The referee concluded that the Claimant established that she was in the course and scope of her employment based on the use by Employer of beepers to notify the adjusters of a possible change in their work assignment. The record discloses that the employment contract required Claimant to use her own car in order to perform her job responsibilities, that Employer reimbursed Claimant monthly in a fixed unvouchered amount for the use of her car, that Claimant was required to maintain a special insurance endorsement on her car showing the use of her car for business purposes, and use a beeper for contact by Employer of Claimant while she was in her car.

Accordingly, we affirm the Board.

## ORDER

AND NOW, November 7, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.