610 A.2d 520

**WELLSVILLE TERMINALS COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ZACHARIAS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 1992.

Decided May 22, 1992.

Petition for Allowance of Appeal Granted Jan. 27, 1993.

John B. Bechtol, for petitioner.

Judd F. Crosby, for respondent.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Wellsville Terminals Company (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the order of a referee granting worker's compensation benefits for total disability to Donald Zacharias (Claimant).

Claimant, who was employed by Employer as a welder, filed a claim petition, on March 9, 1977, alleging that he sustained injuries to his lower left leg, on August 4, 1975, during the course of his employment, when he fell down the slope sheet on the rake of the barge he was repairing.

Employer moved to dismiss Claimant's petition on the ground that the Pennsylvania Bureau of Worker's Compensation is without jurisdiction over the claim because Claimant's

exclusive remedy falls within the federal Longshoremen and Harbor Worker's Compensation Act (LHWCA), 33 U.S.C. §§ 901–950.

The referee dismissed the claim petition, and the Claimant appealed to the Board. The Board remanded the case to the referee to make findings of fact and conclusions of law. The Board stated the following in its opinion:

It is presumed that the referee knows that there is a recent United States Supreme Court decision in the case of Sun Ship, Inc., vs. Commonwealth of Pennsylvania, 48 Law Week 4826, 1980, that indicates in certain matters there is concurrent jurisdiction between the State and Federal authorities.

Board's Opinion of January 29, 1981 at 1.

After the case was remanded to the referee, Employer filed an answer to Claimant's claim petition denying the allegations of the petition.

After hearings, the referee concluded that the claim petition was properly before the Pennsylvania Bureau of Worker's Compensation under *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), and that claimant had met his burden of proving that he was totally disabled as a result of the August 4, 1975 injury. Employer appealed the referee's decision to the Board, which affirmed.

On appeal,[1] Employer raises the following issue: whether the Board erred in holding that concurrent jurisdiction exists under both the LHWCA and The Pennsylvania Workmen's Compensation Act (PWCA)[2] for an injury sustained by Claimant while Claimant was engaged in a maritime activity on a navigable water.

1. Our scope of review of an order of the Board is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *SEPTA v. Workmen's Compensation Appeal Board (Scott)*, 136 Pa.Commonwealth Ct. 98, 582 A.2d 421 (1990), *petition for allowance of appeal denied*, 527 Pa. 658, 593 A.2d 428 (1991).

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

The question of concurrent jurisdiction arises because while the PWCA states that it applies "to all injuries occurring within the Commonwealth...." 77 P.S. § 1, the LHWCA states that it applies to injuries "occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal ... or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling or building a vessel)." 33 U.S.C. § 903(a).

With respect to the location of Claimant's employment, the referee made the following findings which have not been challenged on appeal:

8. ... [O]n August 4, 1975 and for approximately five months prior thereto, the claimant had been assigned by his employer to work in the Commonwealth of Pennsylvania at least 3–4 days per week.

9. ... [I]n the course of his employment the claimant was furnished with a company owned vehicle and required to transport himself and other employees between Ohio and Pennsylvania on a daily basis.

10. ... [O]n August 4, 1975 the claimant was employed as a welder and was assigned to cleaning and repairing barges owned by the Valley Barge Lines.

11. ... [T]he principle [sic] facilities of the Valley Barge Lines at the West End Bridge Terminal were located on a work barge floating on the Ohio River and cabled to the shore.

....

13. ... [O]n August 4, 1975 in the course of his employment the claimant fell down the slope sheet on the rake of the barge he was repairing and sustained lacerations to the lower left leg.

Referee's opinion of January 7, 1988 at 3–4.

A long line of Supreme Court cases, ending with the *Sun Ship* case, has dealt with the law of compensation for maritime workers. The Supreme Court's *Sun Ship* opinion sets forth a complete history of this area of the law which can briefly be summarized as follows. In 1917, the Supreme Court held, in *Southern Pacific Co. v. Jensen*, 244 U.S. 205, 37 S.Ct. 524, 61

L.Ed. 1086 (1917), that it was unconstitutional for the states to apply their worker's compensation systems to maritime injuries because it would interfere with the federal policy of uniform maritime law.  Since *Jensen*, the Supreme Court has narrowed this rule by providing, in some cases, that state remedies are available to maritime claimants because their circumstances are maritime, yet local, in character.  The LHWCA was enacted in 1927 and at that time provided that compensation was payable under the LHWCA for an injury occurring upon the navigable waters of the United States only if recovery through workmen's compensation proceedings could not validly be provided by state law.  *Sun Ship.*  After the LHWCA was enacted, the Supreme Court wrestled with the question of where the boundary between state and federal jurisdiction over compensation for maritime injuries should lie.  In *Sun Ship,* the Supreme Court interpreted the status of the law, prior to 1972, with respect to jurisdiction over marine-related injuries, as follows:

> Before 1972, then, marine-related injuries fell within one of three jurisdictional spheres as they moved landward.  At the furthest extreme, Jensen commanded that non-local maritime injuries fall within the LHWCA.  'Maritime but local' injuries 'upon the navigable waters of the United States,' 33 U.S.C. § 903(a), could be compensated under the LHWCA or state law.  And injuries suffered beyond the navigable waters—albeit within the range of federal admiralty jurisdiction—were remediable only under state law. *Nacirema [Operating] Co. v. Johnson, supra* [396 U.S. 212, 90 S.Ct. 347, 24 L.Ed.2d 371 (1969) ].

*Id.* at 719, 100 S.Ct. at 2436.

In 1972, Congress amended the LHWCA to extend the jurisdiction of the act landward beyond the shore line of the navigable waters of the United States.  The act was amended to provide as follows:

§ 903.   Coverage

(a) Disability or death; injuries occurring upon navigable waters of United States

> Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling or building a vessel).

33 U.S.C. § 903(a).

In *Sun Ship,* an employer appealed a decision of this court which held that the LHWCA did not pre-empt state compensation laws. The employer argued that concurrent jurisdiction of the state and federal systems over maritime injuries which occurred on land would defeat the federal principle of uniform maritime law.

The Supreme Court held that the congressional reports made it clear that "the disparities which Congress had in view in amending the LHWCA lay primarily in the paucity of relief under *state* compensation laws. The thrust of the amendments was 'to upgrade the benefits.'" *Id.* at 723, 100 S.Ct. at 2438 (emphasis in original, footnote and citations omitted). The Court further held that "concurrent jurisdiction for state and federal compensation laws is in no way inconsistent with . . . [the] policy of raising awards to a federal minimum." *Id.* at 723–4, 100 S.Ct. at 2438. The Court also stated that there was "no evidence that Congress was concerned about a disparity between adequate federal benefits and *superior* state benefits." *Id.* at 724, 100 S.Ct. at 2438–39. (emphasis in original).

In the case at bar, Employer argues that because the injury occurred on a barge floating in the Ohio River, which is indisputably a navigable water of the United States, there is no concurrent jurisdiction here. Employer argues, citing *Jensen* and later cases striking down congressional attempts to authorize the states to apply their compensation systems to injured maritime workers, that to extend jurisdiction to the state system of worker's compensation in this case would violate Article III of the United States Constitution which

provides for exclusive federal jurisdiction over maritime concerns. Employer argues that the *Sun Ship* case is inapposite here because there is no question about the landward extension of the LHWCA in this case. Employer distinguishes *Davis v. Department of Labor & Industries*, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), and other cases in which the Supreme Court narrowed the *Jensen* doctrine to apply to circumstances which were maritime yet local in character on the ground that the injury in this case is clearly within the exclusive jurisdiction of the LHWCA because it occurred on navigable waters and was not in any way land-based.

The cases, beginning with *Davis,* which permit overlapping of the state and federal worker's compensation systems in circumstances which are maritime but local, signified a narrowing by the Supreme Court of the *Jensen* doctrine. In holding that there was concurrent jurisdiction in *Sun Ship* the Supreme Court stated the following:

> Of one thing we may be certain. The exclusivity rule which the appellant urges upon us would thrust employees into the same jurisdictional peril from which they were rescued by Davis and Calbeck Travelers Insurance Co. The legislative policy animating the LHWCA's landward shift was remedial; the amendment's framers acted out of solicitude for the workers. To adopt appellant's position then would blunt the thrust of the 1972 amendments, and frustrate Congress' intent to aid injured maritime laborers. We decline to do so in the name of 'uniformity.'

*Id.* at 725–6, 100 S.Ct. at 2439 (footnote and citations omitted).

The reasoning of the Supreme Court in *Sun Ship* is applicable to this case. Employer's argument that uniformity of federal maritime law is materially prejudiced by concurrent jurisdiction is the same argument that the Supreme Court rejected in *Sun Ship* in favor of aiding injured maritime workers.

Employer argues that the difference here is that the barge was floating in a navigable water. Although the facts in *Sun Ship* were not clearly set forth in that case and were clearly not dispositive of the jurisdictional question there, we know

that the employees in that case were injured while involved in shipbuilding and repair.

In this case, the referee found that Claimant worked cleaning and repairing barges on a work barge floating on the Ohio River and cabled to the shore. This barge was found to be the principal facility of Valley Barge Lines at the West End Bridge Terminal. The referee also found that in the course of his employment the Claimant was furnished with a company-owned vehicle and was required to transport himself and other employees between Ohio and Pennsylvania on a daily basis.

In both *Sun Ship* and the case at bar there is a nexus between the activity in which the employees were engaged and the land. In both cases the employees were engaged in similar types of land-based activity. The activity of ship repair was common to the injured employees in both cases. Also, although the Claimant in this case was not involved in shipbuilding, which is obviously a land-based activity, as were the employees in *Sun Ship*, the barge on which Claimant worked was maintained as a "facility" by Valley Barge Lines, and was cabled to the shore. The barge was stationary and attached to the land, as opposed to moving from place to place on the navigable waterway. Additionally, in the case at bar, Claimant was provided with a car and was required as part of his duties to transport other workers. This activity undoubtedly took place on land.

These facts support the conclusion that Claimant's work was sufficiently land-based for this case to fall within the concurrent jurisdiction of both the LHWCA and the PWCA. Therefore, the referee properly concluded that, under *Sun Ship*, the Pennsylvania Bureau of Worker's Compensation has concurrent jurisdiction with the federal compensation system in this case.

Accordingly we affirm.

## ORDER

AND NOW, May 22, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. The majority concludes that because "Claimant's work was sufficiently land-based" his claim for worker's compensation benefits falls within the concurrent jurisdiction of both the LHWCA and the PWCA.

In *Flowers v. Travelers Insurance Co.*, 258 F.2d 220 (5th Cir.1958), Clyde Flowers, a welder, "was injured while performing his duties ... in making repairs on the S.S. Redstone, a large ocean-going tanker" ... while "[t]he vessel was floating drydock in Todd Shipyard in Galveston Harbor." *Id.* at 221. Although eighty percent of Clyde's work was done ashore in the plate department at Todd Shipyard, the United States Court of Appeals determined that "[t]he non-maritime nature of the so-called regular work or duties is completely irrelevant." *Id.* at 221. The United States Court of Appeals stated:

> [B]oth before and since the time of Davis, the doing of repair work on an existing vessel has been treated as so clearly maritime in nature that attempted application of State compensation laws would collide with that essential uniformity which was the very breath of Jensen.
>
> There is thus no undefined or undefinable boundary. There is here no marginal employment.

*Flowers*, 258 F.2d at 222 (footnote omitted). The United States Court of Appeals held that the LHWCA provided the exclusive remedy and that the "twilight zone" exception did not apply because "[t]he outlines of a case of an injury received on navigable waters while engaged in essential repairs to an existing vessel have long been clear and distinct ... [a]s to them there is no twilight." *Id.* at 228.

In the present controversy, the facts establish that Claimant was injured while repairing a barge floating on navigable waters. Claimant was clearly performing a maritime activity and his injury falls within the exclusive jurisdiction of the LHWCA.

I would reverse the decision of the Board.

DOYLE, J., joins in this dissent.