**LEISURE LINE, Adventure Trails, Coach USA Company, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WALKER), Respondent.**

**Elmore Walker, Petitioner**

v.

**Workers' Compensation Appeal Board (Leisure Line/Adventure Trails/Coach USA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 8, 2009.

Decided Nov. 18, 2009.

Martin J. Fallon, Jr., Philadelphia, for designated petitioner, Leisure Line, Adventure Trails, Coach USA Company.

Eric S. Borjeson, Philadelphia, for respondent, Elmore Walker.

BEFORE: LEADBETTER, President Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.[1]

Elmore Walker (Claimant) and his employer, Leisure Line,[2] and its corporate successor, "Adventure Trails," a subsidiary of Coach USA Company, (Employer), have filed cross-petitions for review of an adjudication of the Workers' Compensation Ap-

[1]. The case was reassigned to this author on August 31, 2009.

[2]. Leisure Line is the bus company that first hired Claimant. In 1996, Leisure Line merged with Cape Transit, which became the surviving corporation. At the same time, Cape Transit became a wholly owned subsidiary of Coach USA Company, a corporation whose stock is publicly-traded. Coach USA is in the business of owning and operating local bus companies with regular bus routes, charters and sight-seeing tours. The Leisure Line Company continued to operate under the name "Leisure Line" after the merger into Cape Transit. In 2000, all the bus routes owned by Cape Transit began to do business under the name "Adventure Trails."

peal Board (Board).[3] The Board modified the amount of Claimant's disability award but otherwise affirmed the Workers' Compensation Judge's (WCJ) grant of Claimant's claim petition. Employer challenges the Board's adjudication because it awarded compensation for injuries sustained while Claimant was commuting to work. Claimant challenges the Board's decision for the reason that it failed to award him attorney's fees.[4]

Claimant worked for Employer as a bus driver. On November 10, 1999, Claimant was involved in an automobile accident while driving to work, sustaining neck and low back injuries. The accident occurred in Pennsylvania. However, Claimant sought and received compensation benefits provided by Delaware law, which was an option because he resided in Delaware. Six years later, Claimant decided to seek compensation benefits provided by the Pennsylvania Workers' Compensation Act[5] (Act), which was also an option because his accident occurred in Pennsylvania. On August 18, 2005, Claimant filed a claim petition in Pennsylvania.[6] The claim petition named Leisure Line/Adventure Trails, a Coach USA Company, as defendant, and it listed a Pleasantville, New Jersey, address for defendant. In response to the query on the claim petition form calling for the employer's insurer or third party administrator (TPA), Claimant responded "unknown." Reproduced Record at 3a (R.R. ____). The claim petition alleged that Claimant injured his neck and low back "in a motor vehicle accident in the course and scope of his employment," but it recited no factual allegations to support this conclusory statement. *Id.*

Employer filed an answer on December 30, 2005. The answer denied the allegations contained in the petition. Employer identified its address in Somerset, New Jersey, and it identified the insurer or TPA as Ace USA/ESIS. The answer was not filed within 20 days of the filing of the claim petition. Asserting that the answer was untimely, Claimant moved that all facts pled in the claim petition be deemed admitted.

Claimant's motion was filed in accordance with *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara),* 56 Pa.Cmwlth. 1, 423 A.2d 1125 (1981), which held that when an employer files a late answer, all well-pleaded factual allegations must be deemed admitted by the WCJ. Employer objected to Claimant's *Yellow Freight* motion. Employer asserted that its answer was not untimely because Claimant had listed an incorrect address for Employer in his claim petition; had not served the claim petition on Employer; and despite knowing the identity of ESIS as Employer's TPA, stated that

3. By order dated December 10, 2008, the cross-petitions for review were consolidated. Thereafter, Employer filed another petition for review of the Board's denial of its request to open the record. By order of February 11, 2009, Employer's second petition for review was consolidated with the first two petitions for review.

4. Claimant does not challenge the Board's modification of the benefit amount awarded by the WCJ.

5. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

6. When Claimant filed his claim petition, he was still receiving benefits from Delaware. As a result, his claim petition in Pennsylvania is considered timely despite being filed nearly six years after the automobile accident. *See Martin v. Workmen's Compensation Appeal Board (U.S. Steel Corp.),* 132 Pa.Cmwlth. 370, 572 A.2d 1307 (1990) (explaining that when an injury is sustained in Pennsylvania, payment of workers' compensation benefits in another state tolls the time for filing a claim in Pennsylvania to three years after the most recent payment of compensation).

the identity of Employer's TPA was "unknown." The WCJ deferred action on the *Yellow Freight* motion and proceeded to conduct a full evidentiary hearing.[7]

At the last hearing, Claimant testified. He explained that he drove a 49–passenger bus for Leisure Line on the "Coatesville run," taking passengers to and from Atlantic City. R.R. 122a. He then described his work day. Claimant drove his personal vehicle from his home in Wilmington, Delaware to Leisure Line's bus yard in Coatesville, Pennsylvania. There he picked up his bus, which he drove from Coatesville to Atlantic City, stopping at various points along the way to pick up passengers. After a layover, he made the same return trip to Coatesville. He then drove his personal vehicle from Coatesville to his home in Wilmington. On November 10, 1999, Claimant was involved in an accident in Pennsylvania on his way to the Coatesville bus yard from his home in Delaware.

Claimant testified that he was paid a daily rate of $128.50, which had been established in a collective bargaining agreement between his union, Teamsters Local 35, and Leisure Line. The Coatesville round trip run took approximately 12 hours to complete but could take longer, depending on the weather and traffic congestion. Claimant was paid a flat $128.50 regardless of the number of hours he worked on a particular day driving the Coatesville run. Claimant conceded that the collective bargaining agreement did not provide a specific dollar amount of compensation for his commute to and from Coatesville. Nevertheless, he asserted that his commuting time was factored into

his daily wage. Claimant also explained that "any driver that did that particular run would get" $128.50 per day. R.R. 125a. The wage of $128.50 was purposely high, according to Claimant, to entice drivers to do the Coatesville run; otherwise, few drivers would take on the assignment.

Employer objected to Claimant's testimony about the contents of the collective bargaining agreement, arguing that the document itself was the best evidence of its contents. Claimant stated that he would try to obtain a copy of the document. Employer's counsel stated that Employer could not provide the document because of the passage of time and because of the fact that Leisure Line, which had hired Claimant and was a party to the collective bargaining agreement in question, had been merged into another corporation and had stopped operating as a separate business subsidiary in 2000.

Employer presented testimony from Mary Barish, general manager of Cape Transit, and Ronald Kohn, general manager of Coach USA. Barish and Kohn described the 1996 merger between Leisure Line and Cape Transit and the various corporate and business changes effected after the 1996 merger. In 1999, Cape Transit was still operating the bus routes, such as the "Coatesville Run," established by Leisure Line prior to the merger and was still using the name "Leisure Line" for this route. However, the trade name "Leisure Line" ceased to be used after January 1, 2000. Barish and Kohn also explained that after the merger, Cape Transit moved from Pleasantville, New Jersey, to Somerset, New Jersey. Never-

---

7. The WCJ ultimately denied the *Yellow Freight* motion because even if granted, it would only admit as true the well-pleaded facts in the claim petition. The WCJ held that the scope of employment issue was a legal one, and a legal conclusion is not deemed admitted, even where the answer was found untimely. Further, there were no facts alleged that supported Claimant's legal claim that he was injured in the course of his employment.

theless, one TPA, ESIS, has continually handled the workers' compensation claims of all the bus companies owned and operated by Coach USA.

Claims analyst, Lester Trammer, Jr., testified that ESIS has handled Claimant's claim since he was injured in 1999. In fact, Claimant's counsel sent Trammer a letter in August 2005, stating that it was Claimant's intention to file a claim petition in Pennsylvania. However, that letter did not inform Trammer that the petition had already been filed in Pennsylvania. Further, Trammer noted that the claim petition stated that the "insurer/TPA" of Employer was unknown even though Claimant had been communicating with ESIS since 1999 over his claim. ESIS had sent Claimant his weekly compensation checks.

Employer offered this testimony to support its position that Claimant had filed a deficient claim petition designed, apparently, to impede the Bureau's ability to serve the claim petition on either Employer or its TPA. Accordingly, Employer's answer was not untimely. In addition, Employer's testimony explained why Employer had not been able to obtain a copy of the collective bargaining agreement, an item first mentioned by Claimant on the final day of hearing.

The WCJ granted the claim petition. The WCJ credited Claimant's testimony that the collective bargaining contract compensated Claimant for his travel to and from the Coatesville bus yard. The WCJ rejected Employer's best evidence objection, reasoning that Employer was in a better position than Claimant to obtain a copy of the contract but had failed to do so. The WCJ awarded Claimant total disability benefits as of November 10, 1999, but gave Employer a credit for the workers' compensation benefits already paid to

Claimant in accordance with the Delaware workers' compensation statute. The WCJ did not award Claimant attorney's fees, concluding that Employer had a reasonable basis for its contest.

Both parties appealed. While the appeal was pending, Employer obtained a copy of the collective bargaining agreement from the union, Teamsters Local 35. Employer petitioned the Board for a remand to the WCJ to consider this new evidence. The Board did not act on Employer's motion. The Board affirmed the WCJ's determination that Claimant was injured in the course and scope of his employment but on different grounds. The Board concluded that Claimant was furthering his employer's business during his commute by driving a less popular run. Thereafter, Employer filed a petition for rehearing to allow Employer to place the collective bargaining agreement into the record.[8] The Board denied the petition for rehearing. Both Claimant and Employer now appeal.

On appeal, Employer raises two issues. First, it argues that the WCJ erred in granting the claim petition because Claimant failed to prove an exception to the "coming and going rule" that provides that commuting is not an activity that occurs in the course and scope of employment. Second, it argues that the Board abused its discretion by refusing to grant a rehearing to allow the admission of the collective bargaining agreement it had finally obtained from Teamsters Local 35. Claimant presents one issue on appeal, namely, that the Board erred in concluding that Employer's contest was reasonable.

■ We begin with Employer's first issue. It argues that the WCJ and the

---

**8.** Employer attached a copy of the agreement and an affidavit from Kohn explaining the

difficulty he had in obtaining a copy of the agreement.

Board erred in concluding that Claimant was in the course and scope of his employment when involved in an automobile accident while commuting to work. Employer further argues that Claimant's testimony that travel was in some vague and undefined way factored into his daily wage of $128.50 was not sufficient to prove that he was entitled to an exception to the general rule that an employee is not in the course and scope of employment when commuting to or from work.

The claimant has the burden of proving that his injury was sustained in the course and scope of his employment. *Peer v. Workmen's Compensation Appeal Board (B & W Construction)*, 94 Pa. Cmwlth. 540, 503 A.2d 1096, 1097 (1986). Under Section 301(c)(1) of the Act, injuries occur in the course and scope of employment if they are

> sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere.

77 P.S. § 411(1). Generally, under what is known as the "coming and going" rule, injuries sustained while an employee is traveling to and home from his place of employment are not compensable. *Peer*, 503 A.2d at 1098. This rule is grounded on the recognition that an employee's travel to or from work does not further his employer's business. *Id.* However, there are four exceptions to the coming and going rule. An injury sustained during an employee's commute to or from work is compensable if any of the following apply:

(1) the employment contract included transportation to and from work;

(2) the employee has no fixed place of work;

(3) the employee is on special assignment for the employer; or

(4) special circumstances are such that the employee was furthering the business of the employer.

*Bensing v. Workers' Compensation Appeal Board (James D. Morrissey, Inc.)*, 830 A.2d 1075, 1078 (Pa.Cmwlth.2003).[9]

The WCJ determined that Claimant satisfied the first exception to the coming and going rule because the collective bargaining agreement between Leisure Line and Teamsters Local 35 provided Claimant reimbursement for transportation to and from work. A claimant can meet his burden of proving that the first exception is applicable by placing into evidence the actual employment contract or by providing unequivocal testimony regarding the transportation provision in that contract. *Olszewski v. Workmen's Compensation Appeal Board (Royal Chevrolet and American Fire and Casualty)*, 167 Pa.Cmwlth. 521, 648 A.2d 1255, 1257 (1994). The WCJ granted the claim petition based on Claimant's testimony of what was contained in the collective bargaining agreement.

*Peer*, 503 A.2d 1096, and *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Postlethwait)*, 167 Pa.Cmwlth. 544, 648 A.2d 1266 (1994), explain how a claimant proves that he was reimbursed for commuting time and expenses. In *Peer* and *Bechtel*, the claimants were injured while commuting in their own vehicles;

9. Whether an employee is injured in the course of employment is a question of law to be determined on the basis of the WCJ's findings of fact. *Markle v. Workers' Compensation Appeal Board (Bucknell University)*, 785 A.2d 151, 153 (Pa.Cmwlth.2001). Here, there were no factual findings that Claimant had no fixed place of employment or was on a special assignment at the time of his accident. Further, Claimant does not contend that either of those exceptions applies to him. Accordingly, it is only the first and fourth exceptions identified in *Bensing* that are applicable here.

both were paid a flat *per diem* travel expense pursuant to a collective bargaining contract. Neither claimant satisfied the employment contract exception to the coming and going rule because the *per diem* payment was not related to actual travel time, distance or expense. In *Williams v. Workers' Compensation Appeal Board (Matco Electric Company, Inc.),* 721 A.2d 1140 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 685, 739 A.2d 547 (1999), this Court expressly reaffirmed *Peer* and *Bechtel,* holding that

> where travel allowances are not directly related to the expense or distance of the employee's commute, and where the employer does not provide or control the means of transportation used, the contract cannot be deemed to include transportation to and from work.

*Id.* at 1144.

In sum, *Peer, Bechtel* and *Williams* establish that to satisfy the employment contract exception to the coming and going rule, a claimant must satisfy two elements. First, the claimant must prove that a travel allowance is related to the actual expense and time involved in the claimant's commute. Second, the claimant must prove that the employer provided or controlled the means of the commute. Claimant did neither.

Claimant did not testify that the collective bargaining agreement provided him a travel allowance that was commensurate with the distance of his particular commute or his expenses. To the contrary, Claimant testified that every driver who took the Coatesville run was paid the same *per diem* wage of $128.50, no matter how long the run took and no matter where the driver lived. Likewise, Claimant did not testify that Employer provided or controlled the means of transportation for his commute between Wilmington and Coatesville. Claimant drove his own personal vehicle. Accordingly, Claimant did not meet his burden of proving the employment contract exception to the coming and going rule.

■ We also reject the Board's alternative conclusion that Claimant satisfied the fourth "special circumstances" exception to the coming and going rule. The Board concluded that Claimant was furthering Employer's business by his commute because he was driving a less popular run. However, it is well-settled that

> the special circumstances entitling an employee to benefits for injuries sustained during a commute must involve an act "in which the employe was engaged ... by order of the employer, express or implied, and not simply for the convenience of the employe."

*Williams,* 721 A.2d at 1145 (quoting *Rybitski v. Lebowitz,* 175 Pa.Super. 265, 104 A.2d 161, 162 (1954)). This Court further explained that:

> Of course, in a general sense it is always in the employer's interest that employees come to work, particularly if some circumstances of the job, such as its duties or location, make it unattractive. This interest, far from being a special circumstance, is a universal one.

*Williams,* 721 A.2d at 1146. In short, *Williams* confirmed that there is no exception to the coming and going rule for the employee injured while commuting to an unattractive job or location. Rather, the employee must be acting under orders of the employer for the commuting injury to be work-related.

Claimant's testimony did not establish a special circumstances exception to the coming and going rule. It is a universal, not special, interest of employers that is served by an employee coming to work. *Id.* It does not matter that the job pays more because it is unattractive, for some

reason. *Id.* Claimant did not, as required by the special circumstances exception, show that his commute was ordered or controlled by Employer.

Claimant's evidence did not support an exception to the coming and going rule. Accordingly, Claimant was not injured in the course and scope of his employment,[10] and his claim petition should have been denied.

Accordingly, we reverse the Board's order.

### ORDER

AND NOW, this 18th day of November, 2009, the order of the Workers' Compensation Appeal Board dated October 20, 2008, in the above captioned matter is hereby REVERSED.

---

10. Based on our disposition of the case, we need not address Employer's arguments with respect to Claimant's failure to produce the contract or the Board's denial of rehearing. Likewise, we need not address Claimant's assertion that he was entitled to unreasonable contest attorney's fees.

Claimant asserts that because benefits were paid under Delaware law, Employer was estopped from taking the position here that Claimant was not in the course and scope of his employment when injured. However, a claimant's receipt of benefits under another state's workers' compensation system does not preclude an employer from defending a claim under the Act. *See Kelly v. Workmen's Compensation Appeal Board (Controlled Distribution Services, Inc.),* 155 Pa.Cmwlth. 313, 625 A.2d 135 (1993) (holding that the claimant's receipt of benefits under Maryland's workers' compensation act did not constitute an admission by the employer that the claimant suffered a work-related injury or disability under Pennsylvania's Act); *Peer,* 503 A.2d 1096 (explaining that decisions under Pennsylvania workers' compensation law do not affect a claimant's right to compensation in another state's forum). Therefore, Employer was not estopped from litigating the course and scope issue in Pennsylvania.